MORRISON *et ux. vs.* MARKHAM.*

Where, in 1882, a husband and wife, being indebted to another, made to him a deed to secure the money, and he executed to them a bond, whereby he agreed to reconvey the land within three years if the money, together with $120 annually as rent, should be paid to him, the debtors retaining possession of the land; and where the uncontradicted testimony showed that the intention was to secure the debt with twelve per cent. interest thereon, and that the rent named in the contract was really twelve per cent. interest on the indebtedness, and was called rent to evade the usury laws, the title was tainted with usury and was void.

January 18, 1887.

Interest and Usury. Title. Before Judge LAWSON. Morgan Superior Court. March Term, 1886.

Reported in the decision.

*JACKSON, C. J., did not preside in this case, on account of providential cause.

v 78 11

ι. CALVIN GEORGE; FOSTER & BUTLER, for plaintiffs in error.

McHENRY & McHENRY, for defendant.

BLANDFORD, Justice.

This was an action brougnt by defendant in error against the plaintiffs in error, to recover the possession of certain land in the county of Morgan. The plaintiff in the court below had a verdict; defendants moved for a new trial, and upon its denial, the defendants excepted, and error is assigned for the refusal to grant a new trial.

Did the evidence authorize the verdict? We think not. The evidence relied on by the plaintiff was a deed to the premises in dispute, made by the defendants to plaintiff. The evidence by Markham and Morrison, and which is uncontradicted, is that in 1882, Morrison and wife had before that time become indebted to Markham over one thousand dollars, and it was agreed that the deed be made to secure this sum; that Markham executed his bond whereby he agreed to reconvey the land within three years if the thousand dollars be paid, together with one hundred and twenty dollars annually rent; and that Morrison retained possession of the land. Markham testified that all he wanted was his money and twelve per cent. interest. It is clear that the $120 rent mentioned in the bond is twelve per cent. interest on the one thousand dollars which Morrison and wife owed Markham; indeed, there is no evidence to the contrary. The code, §2057(f), declares, "All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." Then when it is made to appear, as it did appear in this case, that the deed made by Morrison and wife to Markham was but a security for the money they owed him, and that they were to have time to pay the money at the rate of twelve per centum interest until the same was paid, the deed was tainted with usury, and the calling the one hundred and twenty dollars

to be paid annually rent was a mere device to evade the usury laws. This title or deed was void, and this being so, there was no title in Markham; and the verdict of the jury was unsupported by sufficient evidence to have authorized it.

Judgment reversed.