Lynch, Respondent, vs. Henry and another, Appellants.

*January 13 — January 28, 1890.*

*(1) Modification of written contract by parol: Consideration. (2) Parol evidence to explain written order.*

1. An executory written contract may be modified by an oral agreement without any new consideration.
2. Plaintiff gave an order on defendants to pay W. "all moneys due me after pay-rolls are paid," and W. gave her receipt "in full for the above account, and all demands, except $350 held subject to garnishment proceedings." *Held* that, as the description of the subject matter referred to in the order and receipt was incomplete, uncertain, and ambiguous, parol evidence was admissible to show that they had no reference to the amount due the plaintiff and to be paid separately under an oral modification of his original agreement with the defendants.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The amended complaint alleges, in effect, that March 11, 1887, the plaintiff and one Rhodes entered into an agreement in writing with the defendants, whereby they agreed to construct, and in every respect complete, all the work required by the defendants to be done on the line of the Duluth, South Shore & Atlantic Railroad, in such manner as would conform in every respect to the direction of the engineer, and in accordance with the specifications thereto annexed; that such specifications, among other things, were to the effect that for grubbing, when required, the said *Lynch* and Rhodes were to have $1.25 per square rod, and that when embankments were to be made not exceeding two feet high the trees and stumps were to be cut even with the surface of the ground, and removed therefrom, to be occupied by such embankments, bermes, and ditches; that no allowances were to be made for grubbing when subgrade on embankments should be two feet higher than the natural surface of the ground; that no prices for grubbing would be allowed where excavations were to be made for road-ways, burrowing pits, ditches, or other purposes, except in the track-bed between slope-stakes; that the ground to be occupied by the excavations and embankments, together with a space of fifty feet each side of the center line on highland, and seventy feet on lowland, if required by the engineer, should be cleared of all trees, brush, and other perishable matter; that where the filling should not exceed two feet the trees, stumps, and saplings were to be grubbed, but along all other portions of the embankment it should be sufficient that they be cut close to the earth; that no separate allowance would be made for grubbing, but its cost would be included in the price for excavation and embankment, actual clearing to be paid for by the agent.

Lynch vs. Henry and another.

The amended complaint further alleges that April 1, 1887, and before doing any work under the contract, Rhodes assigned his interest therein to the plaintiff; that June 20, 1887, the plaintiff insisted that the contract was contradictory and had not been drawn according to the true agreement between the parties, and absolutely refused to do any more work thereunder unless the same should be modified; that thereupon, in consideration of his agreeing to do the work required by the contract upon such modification being made, the defendants agreed to pay the plaintiff the sum of $1.25 per square rod for all grubbing done by him in the track-bed between slope-stakes, over excavations; that said grubbing should be paid for outside and entirely separate from the excavation over which it was to be done; that under said written contract, so modified by parol, the plaintiff was required to and did do 1,500 square rods of grubbing for the defendants between slope-stakes, within the track-bed, between stations Nos. 320 and 545 of said railroad, between March 11, 1887, and July 1, 1887; that September 24, 1887, the plaintiff and defendants had a settlement of all the work and labor done and performed and materials furnished under and by virtue of said contract, and the defendants paid the plaintiff in full for all there was due him thereon, according to such settlement, except for the grubbing done by the plaintiff between slope-stakes in the track where excavations were made, which the defendants refused to pay; that said settlement was full and complete, and ratified by both parties as to all work performed, except for grubbing done by the plaintiff as aforesaid.

The answer, in effect, alleges that the statement and settlement mentioned in the complaint was a full, final, and complete settlement, and included all dealings between the plaintiff and the defendants on account of said contract,

and that the plaintiff had been paid in full, and also denies the alleged modification of said written contract by parol.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $1,495.33. From the judgment entered thereon the defendants appeal.

[The order referred to in the opinion is as follows: "Please pay to Mrs. M. Welter, of Superior City, Wisconsin, all moneys due me, after labor pay-rolls are paid, and charge the same to my account."]

For the appellants there was a brief by *Tomkins, Merrill & Smith*, and oral argument by *W. M. Tomkir*

*Geo. P. Rossman*, for the respondent.

CASSODAY, J. The principal controversy in this action was as to whether there had been any modification of the written contract by parol, as alleged in the amended complaint. The verdict of the jury is to the effect that there had been such modification. A careful examination of the printed case convinces us that the evidence on the part of the plaintiff is sufficient to support such finding.

It is claimed that such parol modification or agreement was not based on any new consideration, and for that reason was void. It has frequently been held by this court, in effect, that the consideration existing in such original executory contract is deemed imported into such new parol modification or agreement, and hence that such new agreement, when made, becomes binding upon the parties without any new consideration. *Brown v. Everhard*, 52 Wis. 205; *Kelly v. Bliss*, 54 Wis. 191; *Snell v. Bray*, 56 Wis. 159; *Magill v. Stoddard*, 70 Wis. 78; *Ruege v. Gates*, 71 Wis. 638; *Bingham v. Insurance Co.* 74 Wis. 503. The right to modify a prior written agreement by parol is too firmly established to be seriously questioned. This, of itself, disposes of the question as to the admissibility of such parol evidence.

It is claimed that the plaintiff's order to Mrs. Welter, upon the defendants, to pay her " all moneys due " him after labor pay-rolls were paid, was an assignment of the plaintiff's cause of action herein to Mrs. Welter; and that the payment to her and her receipt " in full for the above account, and all demands except $350 held subject to garnishee proceedings," was conclusive upon the plaintiff in satisfaction of the same. But there is plenty of evidence in the record to the effect that such order, payment, and receipt had no reference to the amount due to the plaintiff under such parol modification or agreement, for the grubbing done by him in the track-bed between slope-stakes, over excavations, and which was to be paid for outside and entirely separate from the excavations themselves, and at the rate of $1.25 for each square rod of such grubbing. The trial court held, and we think rightly, that such parol evidence was admissible. The description of the subject matter referred to in the order and receipt, standing by itself, was incomplete, uncertain, and ambiguous, and hence extrinsic evidence was admissible to aid in their construction and rightful application. Since such parol evidence was more or less in conflict, the truth of the matter was necessarily for the determination of the jury. The matters in controversy were fully and fairly submitted to the jury. There are some exceptions to the charge, but they are sufficiently disposed of by what has already been said.

*By the Court.*— The judgment of the circuit court is affirmed.