ELLESWORTH, executor, *v.* McCoy *et al.*

1. A bill in equity having been filed in July, 1887, by the maker of a deed against two of the children of a deceased grantee who had been the wife of the complainant, the bill alleging that the deed had been procured by her fraud and undue influence over the grantor, and that these two children were in possession of and claiming the property conveyed, and praying for an injunction restraining them from conveying or otherwise interfering with the same, for a cancellation of the deed and for the recovery of the property itself, such bill could proceed in the name of the executor of the original complainant, who died pending the litigation, to final adjudication against these two defendants, without making or attempting to make a party defendant a third child of the deceased wife, alleged to have been in life three years before the bill was filed, but who was conceded, if still alive, to be a non-resident of this State. Such child, if living, while a proper, was not an indispensable party to the proceeding.
2. Nor was the administrator of the deceased wife a necessary party, there being nothing in the allegations of the bill showing that she was insolvent or in debt at the time of her death, or any right on his part to administer the real estate of his intestate.

November 12, 1894.

Bill in equity. Before Judge LUMPKIN. Fulton superior court. March term, 1894.

After the decision of this case reported in 85 *Ga.* 185, the complainant died, and his executor was made a party complainant. He amended the bill as follows: Nancy Carbine at her death left three children. Thomas McCoy and Amanda Anderson, the defendants named in the bill, are the only of said children living in this State; the other is a non-resident if living, the name being unknown to complainant, and has never, so far as known to complainant, set up any claim whatever under said

fraudulent deed; and said defendants are the only persons known to complainant who claim any title, interest or right under said deed. If said other child is living, then said two defendants are entitled to two thirds undivided interest under said deed; if said other child be dead, said two defendants are entitled to all the interest under said deed. If said other child is living, it is impossible to make her a party to this bill and serve her so as to bind her by any judgment rendered therein. Therefore complainant prays, that the deed be cancelled so far as it conveys any interest or title to Thomas McCoy and Amanda Anderson. Further: At the time of making the deed, John C. Carbine was more than sixty years old, was addicted to the use of intoxicating liquors, and by their use and his extreme deafness his mind had become very weak. Nancy Carbine was in the prime of life, of strong mind and domineering disposition; and by reason of the great disparity between their ages, habits, minds and dispositions, she had unbounded influence over him, was able to have him do her will, and did on the occasion of making the deed use said influence, and by reason of that influence and the other facts set out in the bill, obtained the deed fraudulently.

Defendants demurred on the grounds, that the bill as amended shows that Nancy Carbine left three children, only two of whom are parties to the bill; and that the bill fails to show that her estate was solvent or that her debts were paid, and fails to make the representative of her estate a party. The demurrer was sustained.

D. P. HILL, GEORGE S. THOMAS and DORSEY, BREWSTER & HOWELL, for plaintiff.

SMITH & PENDLETON, for defendants.

ATKINSON, Justice.

The bill alleges as the substantial grounds for equitable relief, that the wife of the complainant, by resort

to the various artful practices fully stated therein, induced him to execute to herself and her heirs a deed conveying a remainder interest in certain valuable property situated in the city of Atlanta. That there are substantial equities alleged in the original bill has been adjudged .by the ruling of this court when this cause was brought here upon exception taken to an order of dismissal upon general demurrer, a report of which, setting out the bill in full, is to be found in volume 85 *Georgia Reports*, page 185. When the *remittitur* was entered, the complainant amended his bill as appears in the official report, and thereupon the defendants amen'ted their demurrer, upon the ground that the amendment disclosed the existence of another heir of Nancy Carbine, who, as well as the two respondents, was a necessary party to the prosecution of the action, and upon the further ground that the administrator of Nancy Carbine, the original grantee, was not made a party respondent. The court sustained this demurrer and again dismissed complainant's bill, and so, for the second time, this cause is before this court upon exception to the order sustaining a demurrer.

1. In order to determine accurately the correctness of the ruling excepted to, it is necessary to analyze the frame of the bill, to consider what were the substantial grounds upon which the aid of a court of equity was invoked, what relief was sought and to what extent. As it has been heretofore adjudged in this court, it must now, for the purpose of this inquiry, be assumed that Nancy Carbine, under whom the respondents to this bill claim, obtained the deed sought to be set aside through fraud. Since the execution thereof, it appears that she has died. The bill alleges that she left three children, two of whom are the present respondents, and the third is alleged to be unknown to the complainants, and a resident beyond the limits of the State. It alleges that

the respondents against whom subpœna is prayed have taken possession of certain personal property conveyed by the deed and hold the same adversely to the plaintiff, notwithstanding his life-interest, even should the deed be sustained; that they are claiming as heirs at law of Nancy Carbine the remainder after the termination of the life-estate reserved in the deed; and prays that as against any interest either of them may have in said estate the deed be canceled, and that said respondents be enjoined from selling or encumbering in any way their alleged interests, and as well from hereafter claiming or asserting any interest whatever in the premises.

Under the state of facts disclosed by the record, we think the only necessary parties respondent were before the court.  In courts of equity only persons against whom substantial relief is prayed and whose interest would be affected by the decree are necessary to the maintenance of the bill and must be made parties respondent thereto, and, failing, the bill would be demurrable for want of proper parties.  One may well be a proper party while neither a necessary nor indispensable one.  An illustration of this principle appears in this record.  Two of the heirs at law of Nancy Carbine, under this alleged deed, are setting up an adverse claim to this estate.  From their assertion of title this complainant, according to the statements of the bill, has just cause of grave apprehension.  By a conveyance to innocent purchasers of their adverse remainder interests, they may ultimately deprive his own children of their just patrimony, or retaining in themselves the title until after his death, they may appropriate to themselves, under this fraudulent conveyance, an estate intended by him for the children of his own blood.  It does not appear that the third child of Nancy claims any interest whatever.  So far as this record discloses, he or she, as the case may be, may have yielded to the complainant's

rights, or there might be reasons satisfactory to this complainant why he should not desire to disturb any interest which, under the deed, might vest in this remaining child. The several interests of the heirs at law of Nancy Carbine are not necessarily interdependent. They claim under a common ancestor it is true, but there is no community of interest between them. Either could sell or convey his interest to a stranger without the consent of the other. If this be true, then what rule of law is violated in seeking to set aside a conveyance in so far as it affects one and not another? Not only is no rule of law violated thereby, but on the contrary the principle here declared is in harmony with the rule laid down by the Supreme Court of the United States in vol. 138 United States Supreme Court Reports, page 516, as follows: "A court of equity has jurisdiction to divest either one of the adverse holders of his title, in a separate action. Doubtless the court has power, when a separate action is instituted against one, to require that the other party be brought into the suit, if it appears necessary to prevent wrong and injury to either party, and to thus fully determine the title in one action; but such right does not oust the court of jurisdiction of the separate action against either. It has jurisdiction of separate actions against each of the adverse holders, and there is no legal compulsion, as a matter of jurisdictional necessity, to the joinder of both parties as defendants in one action." This injunction is sought against the only parties from whom the complaint has just cause of apprehension, and this estate being common, but their interests several, the bill is maintainable against them alone. Of course, if it shall appear that there are others with incidental interests whose rights can be determined in this proceeding, such would be proper parties, and if they be within the jurisdiction, the court may and should by proper proceeding

cause them to be made parties to the end that there may be an end of litigation, but such are in no sense indispensable to the maintenance of this bill. We have discussed thus far this proceeding upon the idea that all of the heirs at law are within the jurisdiction. As a matter of fact, the bill alleges that the third heir at law resides beyond the limits of the State, and that his or her name is unknown to the complainant. If this be true, and so it must be taken on demurrer, admitting even that by service by publication a non-resident may be bound in a direct proceeding to cancel a deed (and this can by no means be conceded), it would be impossible to bring such person before the court, as, the name being unknown, the court could not frame a subpœna or make other provision for service which would reach the person for whom it was designed. We are thus led to the conclusion that the court erred in sustaining the demurrer in so far as the same rested upon the ground that the undisclosed heir at law was not made a party; and likewise are we led to conclude that as to the respondents who are served and who are before the court, it may proceed to final decree.

2. We do not think the ground of demurrer a good one which objects to this bill because the administrator of Nancy Carbine is not made a party. By the terms of this deed, the estate was to Nancy Carbine and her heirs. It does not appear that there is any administration upon her estate, that, dying, she left debts, nor does any other reason appear for administration upon her estate. So, if these heirs took by purchase under the deed from Carbine, or if they took by descent from Nancy, in either event the bill is maintainable against them as tenants in common with several interests, without the administrator; for, by the statute law of this State, realty descends to the heirs at law, subject to administration for the purpose of the payment of debts,

and inasmuch as the administrator upon her estate is claiming no right adverse to the claim of this complainant, and no debts being alleged to exist, we know of no good reason why without this formal functionary this cause cannot proceed to final decree against these two parties against whom this complaint seeks substantial relief; and therefore it is so ordered.

*Judgment reversed.*