### BELL *v.* WEYMAN & CONNORS.

*Lumpkin, J.*—The declaration, as amended, made a case entitling
the plaintiff to equitable relief, and it was therefore error to
dismiss it on demurrer.                    *Judgment reversed.*
July 27, 1896.

Equitable petition.    Before Judge Lumpkin.    Fulton
superior court.    September term, 1895.

The petition alleged:    About the — day of 1892, peti-
tioner borrowed from defendants $100, but they paid him
in cash only $60, for which his note was given for $100, pay-
able nine months from date, and to secure payment of the
note a mortgage was executed by him on certain realty
described.    The paper he signed was, as he understood it,
a simple mortgage, and not a mortgage and option to pur-
chase the property, as it appears to be from the exhibit at-
tached.    When the day came for the payment of the $100,
he called at their office to repay it; they could not be found,
and he called the next day and still they could not be found.
He called the third time and they were not in.    About the
third day after the note was due he again called and ten-
dered them the $100, but they declined to take it, claim-
ing that the time for redeeming the land had passed and
that he also owed them $250, which debt they had pur-
chased or had contracted to purchase from one Ford, and
that he must also secure them on that debt.    He did owe
Ford the $250 and had given Ford a security deed to said
property, and was willing to secure defendants, as he had
Ford, by giving them a mortgage or a security deed on the

property; and at their instance and solicitation he executed a paper he then and there thought and understood was a mortgage, to secure them for the $100 and the $250. At that time he never received a cent from them, nor did they pay for him any debts due by him. All the money due by him to them was the $100 borrowed March 22, 1892, and the $250 they claimed was purchased by them from Ford; and the statement in the deed that he had received $500 is untrue, and at the time he executed the deed he thought he was executing a mortgage, and never knew the difference until thereafter explained. Shortly afterwards defendants obtained from Ford a quitclaim deed to the premises. At the time petitioner executed the writing to secure defendants in the sums of $100 and $250, it was agreed that the rents and profits of two of the small houses on the lot should be paid over to defendants in order to liquidate the indebtedness due by him to them as above mentioned, and in pursuance of this agreement his tenants have been paying their rents regularly to defendants from December 13, 1892, to the present, amounting to some $250. If the paper signed by petitioner on December 13, 1892, is a deed, it was simply meant for a security deed and not one of pure bargain and sale; and petitioner never understood that he was signing a regular sale deed to the property when he executed said instrument to secure defendants for the $100 and the $250. The lot described in said deed contains three houses, and is worth not less than $2,500. It is subject to be subdivided into three lots on which will be a house, and either of the houses and lots is worth more than the deed by him to defendants. He is an ignorant negro, can neither read nor write, and never knew until recently the character of the instrument signed by him December 13, 1892. Defendants are now claiming absolute ownership of the property, basing their claim upon the deed obtained from Ford and that made by petitioner on December 13, 1892, and under this pretended claim are proceeding to

dispossess petitioner from his lot. He is poor and cannot give the bond and security required by law to arrest the proceedings to dispossess, and therefore has no legal remedy to prevent the execution of the dispossessory proceedings. He prays, to enjoin the dispossessory proceedings; to enjoin defendants from selling, encumbering or interfering with the property; to cancel the deed of December 13, 1893, because it was not the kind of deed he was induced to believe he had signed, and because it contains usury; that the deed made by Ford be declared void for usury; that defendants be required to credit the amounts collected by them as rents upon the amount actually due by him; for general relief and process.

By amendment he alleged, that on account of his poverty he is unable to tender the amount due defendants on the deed of December 13, 1892; and therefore prays that whatever the jury finds is due defendants for money loaned to him March 22, 1892, be found in their favor by the jury against him, and that defendants have all the equities they are entitled to.

The demurrer was on the grounds, that the petition is without equity; that plaintiff does not tender the sums admitted to be due; that he does not allege defendants to be insolvent, and is therefore not entitled to the relief prayed for.

*W. I. Heyward*, for plaintiff.
*King & Anderson*, for defendants.