### HODGES *et al. v.* WHEELER *et al.*

1. A petition which is duplicitous, in that the plaintiffs, though asserting that they bring suit as heirs at law, seek to set up rights based upon the fact that they were named as legatees in the will of their deceased ancestor, is amendable, and their pleading may be rendered unobjectionable in this respect by introducing proper allegations to the effect that they pray for the relief sought solely in their capacity as legatees and devisees.

2. If, with a view to perpetrating a fraud upon the plaintiffs, the nominated executrix secretly and without consideration conveyed to a third person a tract of land devised to the plaintiffs and herself as tenants in common, and her grantee subsequently reconveyed the premises to her daugh-

ter, who took as a mere volunteer, if not with actual notice of the fraud, it was the right of the plaintiffs to bring suit to establish their claim to the land and to have these fraudulent conveyances cancelled as a cloud upon their title, provided they in due season took steps to protect their interests.

(a) This relief could be granted though the executrix died before the suit was brought, it appearing that all parties really to be affected by a cancellation of the conveyances were before the court.

(b) The plaintiffs were not in laches, they having, prior to the time one of these conveyances was placed upon record, no reason to suspect the fraud attempted to be perpetrated upon them.

(c) But, in so far as they sought to recover personal effects belonging to the estate of their ancestor, the action was barred by the statute of limitations.

Submitted July 18,—Decided November 16, 1906.

Equitable petition. Before Judge Hammond. Warren superior court. October 2, 1905.

The plaintiffs, describing themselves as heirs at law of the estate of E. H. Pottle, deceased, filed an equitable petition against G. W. Wheeler, Fannie R. Norris, and E. E. Norris. The petition alleged: As executrix of the estate of E. H. Pottle, Anna E. Heath made application to the court of ordinary for leave to sell a described tract of land in the town of Warrenton, belonging to the estate, and her application to sell was granted by the court. She thereupon proceeded to advertise the property for sale on the first Tuesday in July, 1888, in the official organ of the county, the Warrenton Clipper; but the first insertion of the advertisement was not till the 15th of June, the second appeared on June 22, and the third on June 29, 1888, so that no sale could legally take place on the first Tuesday in July, the publication of the intended sale not being made for four weeks as required by law. The sale did not take place on the day appointed, as recited in a deed to G. W. Wheeler, dated July 16, 1889, subsequently given to him by the executrix after being attested by Newton Gunn, a justice of the peace, who had not received his commission as such on the date the deed purports to have been executed. This deed was not made until the year 1893 or 1894, and the recited consideration of $800 was never paid by Wheeler to the executrix, but this attempted transfer of the property was fraudulent and was for the purpose of defeating the rights of "the legatees of the said E. H. Pottle, deceased." Wheeler was a brother-in-law of E. P. Heath, the husband of the

executrix. An execution in favor of R. W. Hubert and against E. P. Heath was levied on the land as his property, and Wheeler filed a claim thereto. In July, 1901, Wheeler made a deed, without any legal or valuable consideration, to his niece, Fannie R. Norris, the daughter of E. P. Heath and the executrix. The fact that the property had previously been levied on and that the claim filed by Wheeler was at the time pending was sufficient to put the grantee on notice that the title was not in him, and the making of the deed was the result of "collusion on the part of the said G. W. Wheeler and the said Fannie R. Norris to defeat the title which the heirs at law of said estate have to the said property." Subsequently the execution in favor of Hubert was settled by E. E. Norris, the husband of Fannie R. Norris, by paying the costs of court. The conveyance of the land to her was a part of the original fraudulent scheme between Wheeler and the executrix of "defeating the rights of the legatees" under the will of E. H. Pottle, a copy of which was attached to the petition. Wheeler has never exercised any rights of ownership over the property. Certain personal property (particularly described) which belongs to the estate is in the possession of E. E. and Fannie R. Norris. The petitioners, as the "legatees referred to in 4th item of the will of said E. H. Pottle," prayed, (1) that Fannie R. Norris be required to pay to them $70 as mesne profits for the use of the property from July, 1901, up to the time of filing suit; (2) that the defendant Wheeler be required to bring into court for cancellation, as a cloud upon petitioners' title as legatees under the will, the deed to him from Anna E. Heath; (3) that Fannie R. Norris be required to produce the deed to her from Wheeler, that the same might be canceled as a cloud upon the title of the legatees; (4) that she and her husband, E. E. Norris, be required to turn over to petitioners the articles of personalty claimed by them, and (5) be also required to deliver to petitioners possession of the tract of land to which they were entitled as a legacy under the will.

The defendants interposed a demurrer based upon the grounds, (1) that there was no equity in plaintiffs' petition; (2) that, for the purpose of distribution, the assets of an estate descend to the administrator or executor, and the right to recover the same lies in the legal representative of the estate, not in the heirs at law, and plaintiffs do not allege any collusion or unwillingness to sue

on the part of the legal representative, nor other peculiar circumstances entitling them to bring the action; and (3) that plaintiffs are barred by the statute of limitations, suit not having been brought within seven years from the time the sale of the land took place, and nothing being alleged that would excuse ignorance or that shows the plaintiffs exercised ordinary diligence in the discovery of their rights. When the demurrer came on to be heard, the plaintiffs offered to amend their petition by striking therefrom the allegation that the executrix was granted leave by the court of ordinary to sell the land, and by alleging in lieu thereof that no lawful authority was ever given the executrix, under the will or otherwise, to make a sale of the land, nor was any lawful sale of the land ever made by her. Plaintiffs also sought, by way of amendment, to allege: Two of petitioners, George and Robert Hubert, are children of Wattie Hubert, a deceased daughter and legatee of E. H. Pottle, and are entitled to their mother's legacy; the other petitioners are children of the testator and legatees under his will; and petitioners sue severally for their interests in his estate. The only other child and legatee under the will was Anna E. Heath, who immediately, on the death of the testator in January, 1888, went into possession of his estate and, as now appears, converted the same to her own use, making no returns thereof whatever. She received the entire profits thereof, of the annual value of $100, for ten years or more, remaining in possession till her death in 1897, and has thereby, in income from the property sued for, as well as from other funds of the estate, received more than her just share, so that neither she, her heirs, nor assigns would be entitled to any portion of the property sued for, which is of the value of $1,000. Mrs. Heath is dead; she left no estate, and has no personal representative. Her husband, E. P. Heath, was her sole heir at law; he survived her till 1901, when he likewise died intestate and insolvent; there is no administration on his estate, and the defendant Fannie Norris is his sole heir at law. She and E. P. Heath, after the death of Mrs. Heath in 1897, received the yearly profits of the property sued for, amounting to $75 a year. The deed to Wheeler was not put on record till 1898, after the death of Mrs. Heath, and not till then did petitioners know, nor could they have known, of any effort to divert the estate from the possession of Mrs. Heath, executrix and testamentary guardian and its lawful

custodian. There is no succession in the administration of the estate; all that remains of it is involved in this suit, and no one is interested therein save the parties to this case. There are no creditors of the estate. The defendants did not pay anything to the estate for the property sued for; or, if they did, they knew fully of the rights of petitioners and aided the executrix to misappropriate the proceeds to her and their own benefit; and the entire transactions were voluntary and fraudulent. At the time Mrs. Norris claims to have acquired the property in dispute, the same was under levy as the property of her father, E. P. Heath, who was the sole heir at law of his wife and could have had no title to or interest in the property otherwise than as heir to the interest of Mrs. Heath. And Mrs. Norris knew of this levy and herself filed a claim to a portion of the property levied on, and, after the time she asserts she acquired the house and lot, had her husband settle the levy for her; and these facts were at least sufficient to put her on inquiry as to the validity of the alleged sale to Wheeler.

In the proffered amendments the plaintiffs incorporated a prayer that mesne profits be accounted for by the defendants up to the date of judgment, that the interests of all parties in the property in controversy be defined, and that a sale thereof for partition be ordered. The defendants resisted the attempt of the plaintiffs to amend their pleadings, on the grounds, (1) that whereas they originally sued as heirs at law, they sought to recover under their amendments as legatees under a will, and therefore the amendments added new and distinct parties and a new and distinct cause of action; and (2) that the plaintiffs sought to convert a suit for land into an application for equitable partition. The court held that these objections to the proffered amendments were well taken, sustained the defendants' demurrer to the petition as originally framed, and dismissed the action. Error is assigned upon the court's refusal to allow the amendments, and upon the order sustaining the demurrer.

*L. D. McGregor* and *S. H. Sibley,* for plaintiffs.

*E. T. Shurley* and *E. P. Davis,* for defendants.

EVANS, J. (After stating the facts.) 1. While the plaintiffs stated, in the beginning of their petition, that they sued as heirs at law of the Pottle estate, they attached a copy of his will to their pleadings, set forth in what capacity they were really interested

in·the property ·in controversy, and distinctly prayed for the relief sought as the legatees referred to in the fourth item of the will. Their pleading was certainly open to the criticism that it was self-contradictory and duplicitous, with respect to the capacity in which they brought suit; but their petition was amendable so as to remove this objection, and the proffered amendments did not undertake to introduce new parties or a different cause of action against the defendants.

2. ·The really important question to be determined is whether, looking to the original petition and the proffered amendments, the plaintiffs set up facts which entitled them to bring suit,. and, if so, whether the particular relief sought was such as could properly be .granted by the court in the absence of other parties at interest not brought before it. Under the plaintiffs' allegations, both the deed from the executrix to Wheeler and the deed from him to Mrs. Norris ought to be delivered up and cancelled. Were the executrix in life and a party defendant to the suit, there could be no question as to the propriety of granting this relief to the plaintiffs, if they sustained by proof their charges of fraud and collusion The executrix being dead, was it necessary to have before the court a ·duly appointed administrator upon the estate which she represented? We think not, in view of the decision in *Bledsoe* v. *Bledsoe, 29 Ga.* 385. There are no creditors of the Pottle estate, and all the legatees and other parties at interest who would be affected by the cancellation of the deed executed by the executrix and delivered to Wheeler are before the court. As to the prayer for partition, the difficulty is that Mrs. Heath was a legatee, and neither her creditors nor the creditors of her deceased husband would have representation before the court in the division to be made among the legatees in life and the heirs of those who are now dead. But the demurrer does not raise this specific objection, but only the general contention that there was no. equity in the petition and the plaintiffs were entitled to none of. the relief sought. That is to say, the demurrer does not point out any nonjoinder of parties, but merely challenges the right of the plaintiffs to institute the suit. If, as they allege, they took under the will as tenants in common with Mrs. Heath, who was the nominated executrix and who in fraud of their rights undertook to deed the land to Wheeler by secret conveyance without consideration, it was the right of the

plaintiffs to have this conveyance and the deed from Wheeler ·set aside, and to be restored to the possession of the land adversely held by Mrs. Norris, if they commenced their action in due season.

Their petition was filed in March, 1902, and they did not learn of the deed from the executrix to Wheeler until, after her death in 1897, it was placed on record in the year following. The executrix, who was also one of the legatees, took possession of the land upon the death of her testator and was permitted by the other legatees to remain in possession up to her death, they not being put on notice that she or any one else set up any adverse claim to it. Upon her death, the plaintiffs suffered her husband and her daughter, Mrs. Norris, to continue to live upon the premises, still having no intimation that either claimed any right to occupy the land otherwise than as an heir of the deceased legatee, Mrs. Heath. The plaintiffs were not in laches, certainly, in not undertaking to oust Mrs. Norris before they discovered, in 1898, the fraud of which they were the intended victims, and they then acted with due promptness in looking after their rights, bringing their suit within four years thereafter. Having no reason to suspect the making of a secret conveyance by the executrix, the rights of the plaintiffs are not to be defeated simply because they did not discover the fraudulent scheme till some four or five years after the antedated conveyance to Wheeler was made and he had reconveyed to Mrs. Norris, who took as a mere volunteer, even if she did not have actual notice of the fraud.

However, as to the personal effects which the plaintiffs also seek to recover, they assign no reason why they have waited thus long before attempting to set up their rights with regard to the same, and their suit is barred. They should have earlier insisted upon whatever rights they had to have the personal effects of the estate properly administered upon and the proceeds turned over to them and others named by the testator as the objects of his bounty.

Our conclusion is that the suit of the plaintiffs was improperly dismissed, for they should have been afforded an opportunity to establish their claim to the land, and, if other necessary parties were suggested by the defendants and were joined in the action, also granted their prayer for an equitable partition in accordance with the terms of the will.

*Judgment reversed. All the Justices concur.*