## POPE v. THOMPSON et al.

1. Where the allegations of a petition plainly disclose that equity alone can supply adequate remedies and the relief prayed, a dispossessory warrant may be arrested by injunction; and the petition is not demurrable because it is alleged that the petitioner on account of her poverty is unable to give the bond required by law. Especially so when it is alleged in the petition that the affiant in the dispossessory warrant is not in fact the landlord of the petitioner.

2. In equitable proceedings it is generally necessary to allege a tender of the precise sum of an indebtedness which may be admitted, no matter how small the sum. Per contra, when an indebtedness is denied, a tender is unnecessary and impossible. In the present case, under the facts stated, tender of the precise amount of indebtedness, if any, could not be made; and the offer of the petitioner to do equity by subjecting the premises to any indebtedness therefor, justly owing by her, was a sufficient substitute for a tender.

3. Even if fuller statements as to particulars might have been obtained by timely special demurrers, the cause of action as alleged was sufficient to withstand a general demurrer.

No. 4084. APRIL 17, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. November 8, 1923.

Jennie Pope filed her petition against W. S. Thompson, C. E. Thompson, and J. I. Lowry, sheriff, alleging, in substance, that in the year 1902 she bargained with Mrs. Mary J. Van Dyke for the tract of land set out in the contract attached to the petition as an exhibit; that she has paid all the notes given for said land, maturing up to the——day of 1903, amounting to the sum of $631; that in January, 1905, petitioner applied to W. S. Thompson for a loan to pay off the notes then due to Mrs. Van Dyke; that at the time papers were executed the exact amount due was not known to Thompson or the petitioner, and was put in the paper signed to Thompson as $500; that the deed and agreement made to Thompson were made at his suggestion and as security for the sum he was bound to pay Mrs. Van Dyke as purchase-money for said land; that it was the purpose and understanding of the paper so executed to Thompson that said payments were to be immediately paid to Mrs. Van Dyke, thus saving petitioner any further interest on the notes due Mrs. Van Dyke, as shown by the paper calling for interest on said amount from date; that said agreement as it now appears embodies not only interest from date as shown, but calls for an additional charge of $75, which charge was without legal consideration,

and was a device on the part of Thompson to evade the laws against usury, and made void the deed which petitioner gave Thompson, and conferred no right or title to said land on Thompson; that after procuring said papers from her, Thompson came to her and told her that he did not intend to carry out his part of the contract embodied in said agreement and deed, and said contract was rescinded by mutual consent; that, notwithstanding the agreement to set aside said contract, Thompson, after waiting to near the limit of the time set out in the agreement, and without any further notice to petitioner, procured from Mrs. Van Dyke, for the alleged consideration of $750, said deed to the land, dated December 22, 1905, and recorded January 18, 1906; that the sum then due Mrs. Van Dyke was not as much as $750, and Thompson had no authority or right to pay Mrs. Van Dyke any other or larger amount than that called for by the notes given by petitioner in 1902; that the conduct of Thompson and the manner in which he procured said deed constitute a fraud against petitioner, by which she was injured and damaged; that, after procuring said deed, and after waiting for the 12 months to expire which was specified in his agreement with petitioner, Thompson caused a dispossessory warrant to be issued against her, which was resisted by a petition to enjoin the same, which warrant he afterwards dismissed; that he has since entered another proceeding to turn her out, and the sheriff has given notice that after January 9, 1923, he will execute the warrant and dispossess her, and she is therefore remediless at common law. Although the deed from her to Thompson was void for usury, and the deed from Mrs. Van Dyke to Thompson was void because of the rescission of the contract under which Thompson purported to act, inasmuch as by said illegal transaction petitioner was relieved of the balance due on the notes due Mrs. Van Dyke, she is willing that the court provide in its decree for the land to be subject for the true amount due on Mrs. Van Dyke's notes. Petitioner is unable from poverty to give bond as required by common law. She therefore prays, that the true amount due at the date of the agreement be determined; that the court decree the paymnt of said sum. that the deeds made by her to Thompson be declared of no effect; that her title in the said land be confirmed upon the payment of the amounts found to be due thereon; and that Thompson and the

sheriff be restrained from further interference with her possession until the matter herein shall be heard and determined.

Attached to the petition as exhibit A is a copy of the contract referred to, by the terms of which Jennie Pope "has this day sold to W. S. Thompson a certain piece of land [definitely describing the land in dispute], the same being known as the Van Dyke piece, and warranty deed has this day been made by her to the said W. S. Thompson. There are four houses upon the land, and Jennie Pope, with her family, now occupies one of them, the others being rented to tenants. The consideration for the purchase of this land, paid or to be paid, to the said Jennie Pope by the said W. S. Thompson, is the payment, or assumption to be paid, by the said W. S. Thompson to the Mrs. Mary J. Van Dyke certain notes which the said Jennie Pope gave to the said Mrs. Mary J. Van Dyke on the 15th day of January, 1902, under a leasehold contract, amounting to now to about five hundred dollars ($500.00), and which the said Jennie Pope is now unable to pay; and the said Mrs. Mary J. Van Dyke is about to dispossess the said Jennie Pope from the premises, as above set out, as can be more fully shown also in a certain lease contract, . . . which was given by the said Mrs. Mary J. Van Dyke to the said Jennie Pope; and said lease contract, with the right to purchase this land, has this day been transferred and assigned by said Jennie Pope to the said W. S. Thompson, which authorizes, directs, and empowers the said Mrs. Mary J. Van Dyke to make warranty deed to the said W. S. Thompson when he pays the said amount of about five hundred dollars to the said Mrs. Mary J. Van Dyke." As further consideration of the purchase the contract provides that Thompson binds himself to resell to Jennie Pope the land at any time within twelve months (time being of the essence of the contract) for the sum of $500, with interest at eight per cent. per annum, and the "additional costs of seventy-five dollars." It is further provided, that Jennie Pope is to pay no rental on the house which she occupies; that Thompson is to collect the rent on the other houses, take possession of the premises, and pay the taxes from the date of the contract, and that upon the failure of Jennie Pope to pay the amount specified within twelve months the contract and agreement are to be null and void. The lease contract from Mrs. Van Dyke to Jennie Pope provides for the payment

of rent notes until a specified sum shall have been paid, when Jennie Pope shall receive a bond for title, with credit for all that has been paid, and upon further specified payments shall receive a warranty deed. In this contract Jennie Pope is given an option to buy said property for $850, all payments having been previously made to be credited on this purchase-price.

Thompson demurred to the petition on the grounds: (1) That plaintiff alleges no ground for the granting of injunction, except her poverty and inability to give the bond required by law. (2) She does not allege any tender of any of the sums admitted by her to be due to Thompson. (3) No cause of action is set forth. (4) There is no equity in the petition. The judge sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*R. O. Lovett,* for plaintiff.

*Mitchell & Mitchell,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) We think the learned trial judge erred in sustaining the defendants' demurrer and dismissing the petition filed by the plaintiff. The grounds of the demurrer appear in the statement of facts.

1. It is insisted that the plaintiff could not meet or attack the dispossessory warrant against her without giving a bond, and that the poverty of the plaintiff and her inability to give bond present no ground for equitable relief by injunction. The cases cited by counsel for defendants in error apply only where the relation of landlord and tenant exists. Where the petition otherwise sets forth a good cause of action, and alleges facts which negative the existence of the relation of landlord and tenant, and alleges that from petitioner's poverty she is unable to give bond to arrest the dispossessory warrant, the petition is sufficient to prevent eviction under the dispossessory warrant. Contrary to the insistence of the defendants in error in this case, Chief Justice Lochrane, in *Worthy* v. *Tate,* 44 *Ga.* 152, in a well-reasoned opinion points out a distinction in the method of arresting a dispossessory warrant by giving bond and making the counter-affidavit, and arresting it in equity without such bond when there are grounds of relief available to a petitioner which are cognizable only in a court of equity. In *Bell* v. *Weyman,* 99 *Ga.* 273 (25 S. E. 636), this court held that it was error to dismiss, on general demurrer a petition in which the facts alleged were similar to those of the case at bar. The allegation of Bell,

upon which the prayer for injunction was based, that "he is poor and cannot give the bond and security required by law to arrest the proceedings to dispossess, and therefore has no legal remedy to prevent the execution of the dispossessory proceedings," was substantially identical with the allegation upon that point in the petition before us; and the prayer to avoid the deed is substantially the same in this case. That one claiming under an independent title may arrest a dispossessory warrant by a petition for injunction, in which is set up her claim of title, legal or equitable, and wherein it is alleged that on account of poverty the petitioner is unable to give bond, is also held in the cases of *Gilmore* v. *Wells,* 78 *Ga.* 197, and *Brown* v. *Bonds,* 125 *Ga.* 833 (54 S. E. 933). In the instant case the remedy at law, even if the petitioner had been able to give bond, would fall far short of affording the complainant (under other allegations contained in the petition, which for the purposes of general demurrer must be considered as a whole) full and adequate relief; so it seems plain that the action could not be dismissed upon the first ground of demurrer as stated.

2. It is insisted that the petition is fatally defective, because a tender of the amounts due Thompson had not been made. In our opinion it is not necessary that there be an allegation of a tender of the amount due, when the allegations of the petition as a whole are considered. In the first place, it is alleged in the petition that the agreement with Thompson was rescinded before he ever paid Mrs. Van Dyke anything. This being true, the petitioner owed Thompson nothing and was not bound to tender anything to him. However, it is contended that the contract with Thompson being in writing it could not be rescinded by oral agreement. This contention is not well founded. Executory contracts for the sale of land may be rescinded by mutual consent of the parties, either by novation or simple agreement, where they continue to occupy their relation; and the agreement may be in parol as well as in writing. 39 Cyc. 1355. In this case the contract between Thompson and the plaintiff had not been acted upon, and the latter was in possession of the land contracted to be sold to Thompson at the time and has been ever since. Thompson had paid Mrs. Van Dyke nothing, and did not do so for several months, when he attempted to buy the land for himself independently of the agreement with the plaintiff. In *Crutchfield* v. *Dailey,* 98 *Ga.* 462 (25 S. E. 526), Mr. Chief

Justice Simmons, delivering the opinion of the court, quoted approvingly, "While a valid executed contract cannot be discharged by a simple agreement, but only by performance, by release under seal, or by an accord and satisfaction, one that is executory, that is, one that has not been acted upon, may be discharged by an agreement of the parties that it shall no longer bind either of them. The consideration on the part of each is the other's renunciation." Citing 21 Am. & Eng. Enc. Law, .68, and cit. Bishop, Contracts, § 813 et seq.; § 68; McCreery *v.* Day, 6 N. Y. Supp. 49; same case affirmed, 119 N. Y. 1 (23 N. E. R. 198) ; Morrill *v.* Calhoun, 82 Ill. 626; Kelly *v.* Bliss, 54 Wis. 187 (111 N. W. 488) ; Lynch *v.* Henry, 75 Wis. 631 (44 N. W. 837). See also 6 R. C. L. 922, § 306; Canal Co. *v.* Ray, 101 U. S. 522. The requirement that the rescission should be clearly and satisfactorily proved goes rather to the evidence introduced on the trial than to the sufficiency of the petition to withstand a general demurrer. As will appear from the statement of facts, the contract between the plaintiff and Thompson was executory—could not become executed until Thompson paid Mrs. Van Dyke, and it is alleged that this had not been done at the time of the agreement to rescind; nor, according to the allegations of the petition, does the deed which the plaintiff gave to Thompson, stand in the way of a rescission, because it is alleged that it is void on account of usury, because prior to the act of 1916 (Acts 1916, p. 48) all deeds given to secure debts which were infected with usury were void, and "a deed absolute in form may be shown by parol evidence to have been intended as security only where the grantee has not taken possession of the property." *Askew* v. *Thompson,* 129 *Ga.* 325 (2) (58 S. E. 854) ; *Lowe* v. *Findley,* 141 *Ga.* 380 (81 S. E. 230) ; *McNair* v. *Brown,* 147 *Ga.* 161 (93 S. E. 289) ; *Hand* v. *Matthews,* 153 *Ga.* 75 (111 S. E. 408). Except as against a special demurrer, the allegations as to usury were sufficient, and the defects in the general statement could not be taken advantage of by a general demurrer to the petition as a whole. Under the Civil Code (1910), § 3442, "All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." And the transaction here involved is not affected by the subsequent passage of the act of 1916, supra, in which the penalty for usury has been changed.

This plaintiff remained in possession, and "instruments convey-

ing land, however clear and unambiguous, can always be shown by parol evidence to have been made to secure a debt, where the vendor remains in possession." *Hand* v. *Matthews,* supra. The agreement that the payment should be called rent does not relieve if the charge is in fact interest upon a debt. The inhibition against usury covers any device by which the effect of the law may be attempted to be evaded. As said by Chief Justice Bleckley in *Pope* v. *Marshall,* 78 *Ga.* 635, 640 (4 S. E. 116): "No disguise of language can avail for covering up usury, or glossing over an usurious contract. The theory that a contract will be usurious or not according to the kind of paper-bag it is put up in, or according to the more or less ingenious phrases made use of in negotiating it, is altogether erroneous. The law intends that a search for usury shall penetrate to the substance." See also *Morrison* v. *Markham,* 78 *Ga.* 161 (1 S. E. 425), as to devices to evade the laws against usury.

3. Grounds 3 and 4 of the demurrer are the usual general grounds that there is no cause of action and no equity in the petition. There may be defects in the petition, which might have required amendment had timely special demurrers seeking more specific information been filed; but there is certainly enough in the petition to withstand a general demurrer. The petition may lack fullness and formality of statement, but it presents the substance of a cause of action calling for relief. A general demurrer admits the truth of the case as made by the petition, and puts in issue the right of the plaintiff to recover upon the law of the case made. *Williams* v. *McIntyre,* 8 *Ga.* 34, 41. The defendant cannot admit all that is alleged and escape liability. This is the test of the sufficiency of a petition as against general demurrer.

*Judgment reversed. All the Justices concur.*