CLEAVELAND *v.* LaGRANGE BANKING & TRUST CO. *et al.*

No. 12495.   NOVEMBER 16, 1938.

68

*L. L. Meadors,* for plaintiff. *R. W. Martin,* for defendant.

BELL, Justice. ■ While the petition undertook to explain the transactions between the plaintiff and the bank as beginning in August, 1922, when, according to the allegations, she signed a note with her husband for a loan, the proceeds of which were placed to the credit of another person "as planned by the said husband and the said bank," the plaintiff later amended her petition by alleging that the note signed in 1922 was in fact a renewal of a previous note executed in 1919. In these circumstances there might be some doubt or uncertainty as to the consideration of the note last mentioned; yet, in view of all of the allegations contained in the original petition and the amendments, and in the absence of special demurrer on that ground, we are of the opinion that the original allegations as to consideration and suretyship should be construed as applying to the note signed in 1919. In other words, as we construe the petition and the several amendments, the plaintiff finally intended to allege that the note on which she is now sued in the city court of LaGrange represents an indebtedness originally incurred by her husband in 1919; and that, although the sum of money borrowed was placed to the credit of a third person, the loan was, to the knowledge of the bank, made solely to the plaintiff's husband, the plaintiff and her mother signing the notes therefor as sureties. Accordingly, for the purposes of the general demurrer, the allegations regarding consideration and suretyship will be treated as relating to the note executed in 1919, as the original transaction. See, in this connection, *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.*, 157 *Ga.* 434 (8) (122 S. E. 327). The plaintiff as a married woman was incapable in law of entering into a contract of suretyship, and this incapacity on her part prevented her from conveying her property as security for this debt. *Gross* v. *Whitely*, 128 *Ga.* 79 (57 S. E. 94); *Carlton* v. *Moultrie Banking Co.*, 170 *Ga.* 185 (2) (152 S. E. 215). It is insisted by the defendants that despite conclusions of the pleader the allegations show that the plaintiff was a principal with her husband for a loan of money which they together obtained for Terrell Cleaveland. In *McCrory* v. *Grandy*, 92 *Ga.* 319 (18 S. E. 65), it was held that a married woman may borrow money for the exclusive use of any person other than her husband, and may bind her separate property for its payment. This principle is not applicable in the present case, for the reason that the

petition alleged that the loan, though intended for the benefit of the third person, was obtained solely by the husband, and that the plaintiff's only relation thereto was that of surety. There is no merit in the contention that the plaintiff can be considered only as a principal because the note was not signed by Terrell Cleaveland. It does not appear that any loan was made to Terrell Cleaveland. Compare *Saxon* v. *National City Bank of Rome*, 169 *Ga.* 784 (151 S. E. 501); *Magid* v. *Beaver*, 185 *Ga.* 669 (196 S. E. 422). The petition as amended sufficiently alleged suretyship on the part of the wife, and invalidity of the deeds so far as they undertook to convey her interest in the property as security for such undertaking. This conclusion is not contrary to any of the decisions cited by counsel for the defendants, all of which have been carefully examined.

■ It appears from the allegations that at the time of the original transaction the plaintiff owned one-third undivided interest in the property described in the security deeds. If the plaintiff was really a surety as alleged in her petition, the deeds were void as to such interest, and to that extent the plaintiff could maintain a suit for their cancellation, whether or not they were subject to be canceled in toto as prayed. *Pierce* v. *Middle Georgia Land & Lumber Co.*, 131 *Ga.* 99 (61 S. E. 1114); *Gilmore* v. *Hunt*, 137 *Ga.* 272 (73 S. E. 364); *Simmons Hardware Co.* v. *Timmons*, 180 *Ga.* 531 (179 S. E. 726).

■ Was the right of action barred by laches? The plaintiff alleged that she was in possession of the property at the time of filing the original petition; and so far as appears, she has been in possession at all times since the execution of the deeds to the bank, except that the liquidating agent was in control for some undefined period between June 6, 1935, and the filing of the suit on March 4, 1938. The time the plaintiff was in peaceable possession can not be counted against her in determining whether she was barred by laches. Furthermore it does not appear that the bank or liquidating agent has ever asserted any claim or right of possession to this property except as security for debt, and under the facts appearing it could not properly be held on demurrer that the action was barred by laches. *Pavlovski* v. *Klassing*, 134 *Ga.* 704 (3) (68 S. E. 511); *Smith* v. *Burrus*, 139 *Ga.* 10 (2) (76 S. E. 362); *Echols* v. *Green*, 140 *Ga.* 678 (3-c) (79 S. E. 557);

*Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3) (156. S. E. 603); *Stonecypher* v. *Coleman,* 161 *Ga.* 403 (2-*b*) (131 S. E. 75).

So far as the plaintiff seeks to cancel the deeds with respect to her original one-third undivided interest, there could be no valid objection upon the ground that the estates of her mother and her sister were not represented in the litigation. But she is also praying to cancel the ·deeds as to interests which she inherited from her· mother and sister respectively; and as to this phase of the case it is insisted by the defendants that only the·legal. representatives of the. deceased mother and sister could maintain the suit, or that in any event such representatives were essential parties to such action. We can not agree to this contention. The petition disclosed that there was no administration of these estates,. and alleged sufficient facts to show that there was no necessity for administration. In these circumstances, if the suit was otherwise maintainable as to such inherited interests, the plaintiff. could proceed therewith in her own name without causing legal representatives to be appointed and made parties. See *.Kent* v. *Davis,*, 89 *Ga.* 151 (15 S. E. 457); *Ellesworth* v. *McCoy,* 95 *Ga.* 44 (22 S. E. 39); *Belt* v. *Lazenby,* 126 *Ga.* 767 (5) (56 S. E. 81); *Hodges* v. *Wheeler,* 126 *Ga.* 848 (2) (56 S. E. 76); *Pierce* v. *Middle Georgia Land & Lumber Co.,* 131 *Ga.* 99 (61 S. E. 1114). · No decision is now made, however, as to whether either or both of the interests originally owned by the mother and sister should, under the facts alleged, be held subject to this debt; none of the grounds of demurrer here under consideration having raised any question as to whether the petition stated a cause of action for only a part of the relief sought, but every such ground of demurrer having sought dismissal of the petition in its entirety for reasons stated.. The petition as amended alleged a cause of action for at least a part of, the cancellation sought, as well as for injunction against the further prosecution of the suit in the city court. The court erred in sustaining the general demurrer and dismissing the action.· See *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333).

*Judgment reversed. All the Justices concur.*