## DUGGAR *et al. v.* QUARTERMAN.

No. 13349. DECEMBER 3, 1940.

*W. C. Hodges,* for plaintiffs in error. *H. G. Dukes,* contra.

BELL, Justice. ■ The statute of frauds does not apply to a contract for sale of land, which has been fully executed. Code, § 20-402 (1); *Varnell* v. *Varnell,* 156 *Ga.* 853 (120 S. E. 319). The allegations of the petition showed that the plaintiff had fully performed the contract by rendering the services agreed upon as consideration, that he had been admitted to possession by the vendors, and that he was in such possession as owner at the time the suit was filed. The petition did not seek specific performance, but asked for relief against persons other than the plaintiff's vendors, who were interfering with his possession, and prayed that as against them title to the property be adjudged to be in the plaintiff. Compare *Adams* v. *Spivey,* 94 *Ga.* 676 (20 S. E. 422); *May* v. *Sorrell,* 153 *Ga.* 47 (3), 53 (111 S. E. 810); *Citizens Mercantile Co.* v. *Easom,* 158 *Ga.* 604, 610 (123 S. E. 883, 37 A. L. R. 378); *Harden* v. *Weaver,* 184 *Ga.* 652 (192 S. E. 384).

318

■ The suit not being one for specific performance, there was no defect for want of sufficient or proper parties defendant. In this view, no question arises as to whether there would be such a defect if the petition should be construed as an action for specific performance. But see *Ellesworth* v. *McCoy*, 95 *Ga.* 44 (2) (22 S. E. 39) ; *Belt* v. *Lazenby*, 126 *Ga.* 767 (7), 775 (56 S. E. 81) ; *Hodges* v. *Wheeler*, 126 *Ga.* 848 (56 S. E. 76) ; *Pierce* v. *Middle Georgia Land &c. Co.*, 131 *Ga.* 99 (2) (61 S. E. 1114) ; *Steadham* v. *Cobb*, 186 *Ga.* 30, 41 (196 S. E. 730) ; *Cleaveland* v. *LaGrange Banking & Trust Co.*, 187 *Ga.* 65 (4) (200 S. E. 137).

■ The petition having shown at least a perfect equitable title in the plaintiff, as against the heir at law whose interest the defendant Duggar claims to have purchased, it thus appears from the allegations that Duggar acquired nothing by such transaction, and that he is a mere trespasser. Accordingly, the petition stated a cause of action against Duggar.

■ As to Farris, it appears that the note and security deed were executed by John E. Quarterman, the plaintiff's step-grandfather, in the year 1928. This was before the plaintiff entered into the alleged contract with his grandmother, Kate Quarterman, and his step-grandfather, John E. Quarterman. There being no allegation to the contrary, it must be assumed that he had notice of this conveyance at the time of his contract. The allegation that this note and security deed were made by John E. Quarterman, and the later averment to the effect that plaintiff denies that said note and deed were executed, are utterly repugnant; and therefore the petition must be construed most strongly against the plaintiff, and as showing that such note and deed were genuine. *Adams* v. *Johnson*, 182 *Ga.* 478 (185 S. E. 805) ; *Griffith* v. *Moore*, 185 *Ga.* 120 (5) (194 S. E. 551) ; *Richardson* v. *Coker*, 188 *Ga.* 170, 175 (3 S. E. 2d, 636) ; *Owen* v. *S. P. Richards Paper Co.*, 188 *Ga.* 258, 260 (3 S. E. 2d, 660). The petition did not show that the note was barred by the statute of limitations, there being nothing to indicate that it was not an instrument under seal. The statute of limitations does not apply to a security deed. *Kirkpatrick* v. *Faw*, 182 *Ga.* 25 (184 S. E. 855).

The plaintiff seems to treat the transaction with reference to the buggy as if after the sale by Farris the mere repossession of it would operate to rescind the note and security deed and to ex-

tinguish the liability. Compare *General Motors Acceptance Corporation* v. *Coggins,* 178 *Ga.* 643 (173 S. E. 841). The petition does not show, however, that the buggy was sold under a contract of conditional sale, so that a seizure and repossession of it by the seller would operate as a rescission of the contract. So far as appears, it was sold and delivered unconditionally, and Farris, the seller, merely took a note for a balance of purchase-money, secured by the deed in question. The allegation that the contract was rescinded appears to be a mere conclusion of the pleader, inconsistent with the specific facts alleged; and accordingly, it did not show a rescission. From what has been said, the court erred in overruling grounds 5 and 6 of the special demurrer attacking paragraphs 21 and 23 of the petition, relating to the claim of Farris.

Grounds of demurrer not set forth in the preceding statement were clearly without merit. No question was raised as to misjoinder of parties defendant.

*Judgment reversed. All the Justices concur.*