BARRON *v.* ANDERSON *et al.*

No. 16611.   MAY 12, 1949.   REHEARING DENIED JUNE 16, 1949.

*J. W. Barnett* and *Harry S. Strozier*, for plaintiff in error.
*John R. L. Smith*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The defendant, J. J. Barron, by amendment to his answer, averred that subsequently to the delivery of the deed containing the redemption agreement, W. W. Barron Jr., in consideration of further payments to him by the defendant, had agreed that the provision for redemption would not be insisted upon and

that the defendant should have complete title to the land. The deed reserving the right to redeem, from W. W. Barron Jr. to the defendant, was executed on February 17, 1945, and the petitioners alleged that they as transferees of the right to redeem tendered to the defendant the amount of the consideration of the deed, plus interest and taxes, on April 10, 1946, and told the defendant that they were buying the land from W. W. Barron Jr. The latter was dead at the time of the trial.

The first special ground of the motion for new trial complains that the court erred in refusing to allow the defendant's son to testify that in December, 1945, he heard W. W. Barron Jr. ask the defendant for additional money, which the defendant refused, and that thereupon W. W. Barron Jr. told the defendant that, if he would let him have $40 more, he could forget about the option to redeem, and that he could have the land, and that an additional advance was made in the amount of $40.

The second special ground complains that the court erred in refusing to allow W. W. Barron III to testify that his father, W. W. Barron Jr., died on September 22, 1946, and that within a year before his death he told his son, the witness, that he owed his brother, J. J. Barron, the defendant, a total of $1400 for money advanced to him, W. W. Barron Jr., by the defendant.

"The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case." Code, § 38-309. Parol evidence is admissible to prove a new and distinct subsequent agreement. Code, § 38-507.

In *Pope* v. *Thompson,* 157 *Ga.* 891, 895 (122 S. E. 604), this court said: "Executory contracts for the sale of land may be rescinded by mutual consent of the parties, either by novation or simple agreement, where they continue to occupy their relation; and the agreement may be in parol as well as in writing."

Counsel for the petitioners insist that the *Pope* case, supra, did not involve the statute of frauds, whereas the present case involves nothing else.

"The statute of frauds does not apply to a contract for sale of land, which has been fully executed. Code, § 20-402 (1) ; *Varnell* v. *Varnell,* 156 *Ga.* 853 (120 S. E. 319)." *Duggar* v. *Quarterman,* 191 *Ga.* 314 (12 S. E. 2d, 302). Since the right to sell the whole

necessarily includes the right to sell a part, the statute of frauds does not apply to a contract for sale of an interest in land, which has been fully executed. The testimony referred to above was admissible as tending to show a fully executed subsequent agreement for sale of the right to redeem the land.

The third special ground complains that the court erred in refusing to allow the defendant to testify that he had been and was in possession of the land. This testimony was excluded as being irrelevant.

The defendant averred in his amended answer that he went into possession of the property after the grantor in the deed received the consideration and appropriated it to his use, and that he has been in possession since that time. The testimony was relevant for the reason that possession would have put the petitioners on notice of whatever rights and equities the defendant had in the land.

Accordingly, the trial court erred in excluding the evidence complained of and in denying the defendant's amended motion for a new trial.

The above ruling accords with the decision in *Moore* v. *Collier*, 133 *Ga.* 762 (66 S. E. 1080), and similar cases relied on by counsel for petitioners, where it was held: "A contract which must, under the statute of frauds, be in writing, and which, accordingly, is put in writing and duly executed, cannot be subsequently modified by a parol agreement."

*Judgment reversed. All the Justices concur.*