NUSSBAUM & DANNENBERG, plaintiffs in error, vs. ALBERT
    B. ROSS, administrator, defendant in error.

The issue in this case being one to be determined by the evidence, and
    the whole question having been submitted to the Judge, we see nothing
    that calls for a reversal of his decision.

New trial. Discretion. Before Judge HILL. Bibb Su-
perior Court. April Term, 1873.

At the May term, 1870, of Bibb Superior Court, Nussbaum
& Dannenberg, by their attorney at law, Henry W. Cowles,
obtained a judgment against Albert B. Ross, as administrator
upon the estate of John P. Lamar, deceased, for $183 57,
principal, and $42 61, interest. The execution based upon
this judgment was levied upon a lot of land as the property
of the intestate. The administrator filed an affidavit of ille-
gality setting up payment. The issue thus formed was sub-
mitted to the Court, without the intervention of a jury, upon
the following statement of facts:

Some time after the aforesaid execution was issued, Cowles,
plaintiffs' attorney, called on Ross, administrator, for pay-
ment, or part payment thereof. The administrator stated
that he had no funds, but that J. Rutherford, Esq., the attor-
ney for the estate, had in his hands an execution secured by
a pledge of cotton, out of the proceeds of which plaintiffs' *fi.
fa.* should be paid. Also, that if he, Cowles, could get any
person to advance the money on the *fi. fa.* he, Ross, would
pay back the same to whoever controlled said process. Cowles
applied to William P. Goodall, repeating to him the afore-
said statement of Ross, and assuring him that such advance
would not only accommodate him but also the administrator.
Goodall called on the administrator, who stated to him, sub-
stantially, what he had previously said to Cowles. The ad-
ministrator, in saying what he did to Cowles and Goodall,
believed that Goodall would be perfectly safe in advancing
the money under the circumstances. Goodall did advance the
principal and interest due on said execution.

The Court sustained the affidavit of illegality, and plaintiffs in execution excepted.

Poe & Hall, for plaintiffs in error.

J. Rutherford, for defendant.

Trippe, Judge.

The whole question in this case, to-wit: whether the execution was paid or not, was submitted to the Judge, and that being a matter to be determined by the evidence, we see nothing that demands of us a reversal of his decision.

Judgment affirmed.