## CRUTCHFIELD *v.* DAILEY.

1. No consideration is essential to the rescission of a simple executory contract, that is, one which has not been acted upon, other than a mutual agreement of the parties that it shall no longer bind either of them. The consideration on the part of each is the other's renunciation.

2. Hence if a written application for a life insurance policy and a promissory note for the first premium thereon, were delivered to an agent of the insurance company and by him forwarded to the company, but before the latter had acted upon the application it was mutually agreed between the applicant and the agent that the note should be recalled and returned to the applicant, and that "the affair will stop just where it is at, there will be nothing more of it," this of itself would be sufficient to constitute a lawful rescission, and it was error to charge in effect that a rescission could not be had under these circumstances unless based upon a valuable consideration.

3. In the trial of an action upon such note, a policy of insurance, alleged to have been issued in pursuance of the application above mentioned, was not admissible in evidence without proof of its execution, and it was not sufficient for this purpose merely to prove by a subagent of the company that he had received such a policy from another subagent or from the company's general agent, the witness being unable to remember from which of these persons it came into his hands.

May 19, 1896. Argued at the last term.

Complaint on note. Before Judge Turnbull. Walker superior court. February term, 1895.

*Copeland & Jackson* and *R. M. W. Glenn*, for plaintiff in error. *Lumpkin & Shattuck*, contra.

SIMMONS, Chief Justice.

1, 2. Crutchfield applied to Dailey, the agent of a life insurance company, for a policy of life insurance, and at the same time gave his note for the premium thereon. The morning after the application was made, he met Dailey and told him that he wished the application to stop where it was, that he did not want it to go any further. Dailey replied that he had sent the application on to Atlanta, and would write and get the note returned and give it back to him;

that "the affair will stop just where it is at; there will be nothing more of it." He did not receive the policy and heard nothing more about the matter until just before suit was brought upon the note. To the suit he filed a special plea setting up these facts. On the trial of the case the court charged the jury that, unless there was a valuable consideration for the rescission, he could not rescind. Under the evidence for the plaintiff, this charge was erroneous. The contract between Crutchfield and Dailey was executory and not under seal. While it is true he had given his note for the premium on the policy of insurance, his application had not been accepted by the company. The company might have rejected it. It would not be bound until it had accepted the application and issued the policy. So the contract was not fully executed by Crutchfield giving the note. It was still executory. Under this state of facts the parties who made the contract could by mutual consent rescind it. It was not necessary for Crutchfield to pay Dailey any consideration for his consent to rescind. The agreement by each party to release the other from the obligation of the contract was a sufficient consideration, and the agreement did release the insurance company from the performance of that part of the contract which the company would have been required to fulfil. "While a valid executed contract cannot be discharged by a simple agreement, but only by performance, by release under seal, or by an accord and satisfaction, one that is executory, that is, one that has not been acted upon, may be discharged by an agreement of the parties that it shall no longer bind either of them. The consideration on the part of each is the other's renunciation." 21 Am. & Eng. Enc. of Law, Rescission, 68, and cases cited; Bishop, Contracts, §813 et seq.; §68; McCreery v. Day, 6 N. Y. Supp. 49; same case affirmed, 119 N. Y. 1, 23 N. E. Rep. 198; Morrill v. Calhoun, 82 Ill. 626; Kelly v. Bliss, 54 Wis. 187; Lynch v. Henry, 75 Wis. 631.

3. At the trial the plaintiff sought to introduce in evidence the policy of insurance which he claimed was issued on the application of the defendant, and the defendant objected to it on the ground that there was no proof of its execution. A subagent of the company was introduced, who testified that he received this policy from another subagent or from the company's general agent; he did not remember which. Upon this testimony the court admitted the policy in evidence. We do not think this was sufficient proof of the execution of the policy. The receipt of such a paper by one subagent from another would not prove its execution, nor would the receipt by the subagent of the paper from a general agent be sufficient, in our opinion, to prove its execution. We think, therefore, that the court erred in admitting it in evidence.         *Judgment reversed.*