### 10890.   EVANS *v.* LOTT.

Where a person sells personal property under an express warranty, taking in payment a purchase-money note which recites the consideration for which the note is given, if the purchaser should subsequently, without reference to the contract of warranty, merely make an independent swap or exchange with the seller, whereby he receives other property for that originally purchased, the transaction would not in law amount to a rescission of the original contract of sale, so as to avoid the note given to the seller by the purchaser. In such a transaction the consideration given by the purchaser for the new property arises by virtue of the exchange whereby the seller receives back the original property sold by him, and the reason why the purchaser owned that property to trade with comes from his having given to the seller his note therefor. But where, as in this case, a person sells to another personal property under an express warranty, taking from the seller a purchase-money note which recites that it is given as purchase-money for the property bought, and where subsequently the purchaser, acting under the contract of warranty, reports defects in the property bought by him and offers to return it, and where the seller, recognizing his contract of warranty, assents to and actually accepts a return of the property, the latter transaction amounts to a complete rescission of the former contract of purchase and sale, with the result that the note previously given for the purchase-money of the original property becomes null and void. The fact that subsequently to such return and acceptance of the property the parties to the contract may have agreed to the substitution of other property in lieu of that originally purchased would not operate to revive the validity of the note which had become invalid upon the rescission of the original contract under which it was given.

DECIDED MARCH 18, 1920.

Complaint; from city court of Douglas — Judge Frier. August 27, 1919.

Lott sued Evans on a promissory note for $175. The defendant admitted the execution of the note, and pleaded that the note was without consideration, for the reason that after its execution the contract under which it was given was rescinded. It appears that there have been three transactions between the parties to this litigation. In the first Evans gave to Lott his note for

$100 as boot in a horse-swap; in the second horse-swap, in which Lott received back the horse first received by Evans, Lott received an additional $75 boot, and surrendered to Evans his first note, taking a new note for $175. In this note it was stated that it was given as purchase-money for a described horse, it being the second horse referred to. In the second transaction Lott expressly warranted the soundness of the horse thus turned over to Evans. In connection with the third transaction the plaintiff, Lott, testified in part as follows: "I am the plaintiff in the above case, and I remember the transaction for which the note sued upon was given. The note has not been paid, and is just, true, and unpaid. This note did not figure in the last horse-swap between Mr. Evans and myself. It was given in a former horse-swap between myself and Mr. Evans as boot. I did not take back the mule described in the note sued upon. I swapped Mr. Evans another mule for the one described in the note sued upon. (Cross-examination.) The note sued upon shows to be for the purchase-price of a black mare mule about six years old, weighing about 1000 pounds, named Minnie. In about two or three weeks after this trade and after the note was given, the defendant brought the mule back and stated that there was something wrong with her. I don't remember just what complaint he made. It seems to me like he stated that she was a little thick-winded. I do not remember whether there was any complaint made as to her eyes or not. I don't think there was. However, I would not swear positively what the complaint was. *He stated that I had guaranteed the mule and that he was not satisfied with her. I told him all right, turn her in my lot; and this was done.* I do not remember what time of the day this was,— cannot say what time in the morning the mule was brought back and turned in the lot, or what time of the day it was when we finally swapped mules. But he got another mule from me during the same day for the one brought back. It was a different mule from the one described in the note." The defendant, in his evidence, made the following statement: "I told Mr. Lott, when I carried the mule back, that he had stated to me, unless the mule was sound and all right, that she was not my mule and I would not have to keep her. When I told him that she was going blind and I did not want her, his reply was, 'Well, turn her in the lot.'"

The jury returned a verdict in favor of the plaintiff. The de-

fendant made a motion for a new trial, which was overruled; and to this judgment the plaintiff excepted.

*T. A. Wallace,* for plaintiff.    *E. L. Grantham,* for defendant.

JENKINS, P. J.    (After stating the foregoing facts.)

There is really very little actual conflict in the evidence as given by the plaintiff and the defendant in this case.    The evidence for the plaintiff as given on direct examination would, we think, have been sufficient to have sustained his case as laid; but upon going into details as to the transaction, in his evidence given on cross-examination, the plaintiff makes it to plainly appear that the horse described in the note was brought back to him (the seller), under and in accordance with his contract of warranty; that the defendant, on bringing it back to him, stated that it had been guaranteed, and that he was not satisfied with the animal; that he then told the defendant, " All right," to turn her in the lot; and that this was done. It thus appears, from the plaintiff's own evidence, that the last transaction was not an independent horse-swap, but that, in accordance with the terms of the warranty included in the contract of sale of the second mule, the defendant, acting under his rights under that contract, returned the mule, and the plaintiff, in recognition of his duty under that contract, accepted it; all of which necessarily amounted to a complete rescission of the contract of sale as previously made; and, this being true, the note given in furtherance and in consideration of that sale no longer remained valid.    Under the evidence of both the plaintiff and the defendant, the defendant owes for the third horse, but the seller failed in the third instance to take a note therefor as he did in the second instance.    See *Fisher* v. *Whitehurst,* 14 *Ga. App.* 218, 219 (2) (80 S. E. 536).    Under this view of the law, there could have been no valid recovery in the suit on the note; and it is unnecessary to consider any of the other assignments of error.

*Judgment reversed.    Stephens and Smith, JJ., concur.*