30919.   HARDY *v.* MADDOX.

DECIDED JULY 16, 1945.

*Ezra E. Phillips,* for plaintiff in error.

*Frank Carter, Sam P. McKenzie,* contra.

Felton, J. 1. Ground 2 of the demurrer, directed at paragraph 6 of count 1 should have been sustained. It is as follows: "Defendant demurs specially to that portion of paragraph 6 of count one of plaintiff's petition as follows: '. . petitioner discovered that said exclusive sale contract had been secured by de-

fendant by false representation in that immediately thereafter said defendant sold said property to O. T. Walz and his wife, Mrs. Edith M. Walz for $6500, with full knowledge that the said O. T. Walz was the customer of petitioner and had been induced to purchase said property through the efforts of petitioner,' on the grounds: (a) that it alleges conclusions without facts alleged to support the conclusions; (b) that it is too general, vague, indefinite, and uncertain; (c) that it does not allege that defendant falsely represented to petitioner that defendant had decided to rent said property, and that petitioner believed such representation and acted thereon to his injury; and, (d) that it does not allege that defendant knew when she requested the surrender of the contract, that she would thereafter sell the property to said O. T. Walz and his wife, Mrs. Edith M. Walz." The allegation that petitioner discovered that the said exclusive sales contract had been secured by defendant by false representation, in that immediately thereafter said defendant sold said property, etc., is subject to demurrer for three reasons. (a) First, it is not an affirmative allegation that the contract was secured by false and fraudulent representations of intention to rent the property. It is a mere conclusion. It does not show what the plaintiff's idea of what the discovery of fraud is. What he believed to be discovery of a fraud might not have been what the law defines as fraud. (b) In the second place the general allegation of the fraudulent act yields to the specific allegation that the act was false because defendant thereafter sold the property. *Doyal* v. *Russell,* 183 *Ga.* 518, 533 (189 S. E. 32). The mere fact that the property was afterwards sold would not in and of itself show a fraudulent and false representation. (c) Third, it is not affirmatively alleged that the plaintiff relied on false and fraudulent representation in surrendering the contract. As to misrepresentation of intention being a fraud, see *Floyd* v. *Morgan,* 62 *Ga. App.* 711 (5) (9 S. E. 2d, 717).

2. Ground 7 of the special demurrer, directed at paragraph 3 of count two and the second count as a whole, should have been sustained for the reason that a copy of the agreement is not attached to count two, the ground of the demurrer being as follows: "Defendant demurs specially to paragraph 3 of count two of said petition on the ground that it is too vague, general, indefinite, and uncertain; and upon the ground that it does not set forth

whether said property was placed in petitioner's hands to sell by written agreement or by a verbal agreement, and if by written agreement, the agreement is neither incorporated in nor is a copy attached to said paragraph or to said count of said petition."

3. Ground 12 of the demurrer, directed at paragraph 7 of count two should have been sustained. The ground is as follows: "Defendant demurs to that part of paragraph 7 of count two of said petition which alleges: '. . that said defendant procured said contract by false representation in that immediately thereafter said defendant sold said property to O. T. Walz and his wife, Mrs. Edith M. Walz,' upon the grounds: (a) that it is a conclusion without facts to support it; (b) it does not allege what representation was false; (c) the mere fact that the defendant sold the property after a mutual rescission or termination of the exclusive sales contract does not require the conclusion that when defendant informed petitioner that defendant had decided to rent said property, she did not honestly and in good faith intend to rent the same. The representation that she intended to rent said property and that a subsequent decision to sell said property was made, are perfectly consistent and do not in any way illustrate any fraud or misrepresentation, and plaintiff does not allege that when defendant represented to plaintiff that defendant had decided to rent said property, she had not in fact made such decision." The ruling in division 1 (b) is applicable here. The other grounds of demurrer are without merit or are covered by the rulings above.

4. It is contended by the plaintiff that the petition shows on its face that the agreement to rescind the contract was without consideration and not binding. This position is not tenable. Mutual consent is a sufficient consideration. Code, § 20-905; *Shoup* v. *Elliot,* 192 *Ga.* 858 (16 S. E. 2d, 857); *Crutchfield* v. *Dailey,* 98 *Ga.* 462 (25 S. E. 526). If there was a mutual consent to rescind the contract, unaffected by fraud, the entire agreement became inoperative and there could be no action upon it.

The court erred in overruling the demurrers as shown in the opinion, and the further proceedings were nugatory.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*