COHEN *v.* COHEN.

No. 15324.   NOVEMBER 15, 1945.

*G. W. Langford* and *Matthews, Owens & Maddox,* for plaintiff in error.

*S. W. Fariss* and *Shaw & Shaw,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The allegations of the amendment to the effect that the agreement to sell the business, which was reduced to writing, was in contemplation of separation of the petitioner and the defendant were averments of facts and were not contradictory to the express terms of the written agreement.

The allegations of the amendment setting forth the reconciliation of the parties were not subject to demurrer on the grounds that there were no allegations of any consideration, or of the terms of the mutual agreement of the parties, or how the new agreement rescinded the agreement to sell or reconveyed title to the petitioner. This was not a case where one of the parties sought to rescind the contract without the consent of the other, as provided for in the Code, §§ 20-905, 20-906, and the petitioner did not seek to have title reconveyed to him. He alleged that the contract to sell the business, which had never been complied with by the defendant, with the exception of payment of three or four installments, was rescinded by mutual consent of the parties. If the parties became reconciled, as set forth in the amendment, they had the right to rescind the separation agreement, including the agreement to sell the business, by mutual verbal consent (*Powell* v. *Powell,* 196 *Ga.* 694, 699, 27 S. E. 2d, 393), and their mutual agreement again to live together as husband and wife would constitute a sufficient consideration. *Crutchfield* v. *Dailey,* 98 *Ga.* 462 (25 S. E. 526).

Under the allegations of the petition, wherein it was charged that the defendant was indebted to the petitioner in a greater amount than that received by him under the original agreement to sell, it was not necessary for the petitioner to tender to the defendant the amounts received under such agreement. To authorize a recovery in equity, a party is not obliged to return, as a condition precedent, that which he will be entitled to retain. *Collier* v. *Collier,* 137 *Ga.* 658 (3) (74 S. E. 275, Ann. Cas. 1913A, 1110); *Pope* v. *Thompson,* 157 *Ga.* 891 (2) (122 S. E. 604); *Georgia Railroad Bank &c. Co.* v. *Liberty National Bank &c. Co.,* 180 *Ga.* 4 (5) (177 S. E. 803); *Hughes* v. *Cobb,* 195 *Ga.* 213

(2) (23 S. E. 2d, 701). The petitioner alleged that he was willing to make a fair and equitable settlement with the defendant.

The allegations of the petition as amended to the effect that the petitioner was the owner of the business were not mere conclusions of the pleader. While the written contract was set forth, which showed that the petitioner agreed to sell his share in the business to the defendant, provided she paid him the sum of $500, such contract by its terms was to be performed in the future, and the petitioner alleged that the $500 was never paid, but, on the contrary, that the contract was rescinded by the mutual verbal consent of the parties.

The allegations, first, in reference to the agreement whereby the defendant was to take charge of the business provided she paid a stated amount, and, second, in reference to the subsequent reconciliation agreement whereby the petitioner was again to take charge of the business, were attacked by special grounds of demurrer as being vague and indefinite, and because they failed to show whether the agreements were in writing. These grounds of demurrer having been met by amendment wherein the petitioner alleged that the first contract was in writing while the agreement for the petitioner again to take charge of the business was by mutual verbal consent of the parties, are without merit.

The defendant demurred to the petition as a whole on the grounds: (a) the averments are insufficient to set forth any right of action either in law or in equity; (b) there is no equity in the petition for the reason that there is no allegation of fraud on the part of the defendant; (c) it is not alleged that the defendant is insolvent; (d) it is not alleged that the petitioner has no adequate remedy at law; (e) under the allegations of the petition the petitioner has no interest in the business referred to, and is not entitled to any accounting or any proceeds therefrom.

Since the passage of the uniform procedure act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition is not subject to general demurrer on the ground that the petitioner has an adequate remedy at law, if it states a cause of action for either legal or equitable relief. Code, §§ 37-901, 37-907; *Pardue Medicine Co.* v. *Pardue*, 194 *Ga.* 516 (22 S. E. 2d, 143), and cit.

The petition in the instant case did not allege fraud or insol-

vency on the part of the defendant, and therefore was insufficient to entitle the petitioner to injunctive relief or the appointment of a receiver. However, the portion seeking a receivership was eliminated by mutual consent of the parties before the demurrers were passed upon by the trial judge; and, while the petition as a whole was attacked as failing to allege fraud or insolvency, there was no demurrer which sought to strike the prayer for injunctive relief. Accordingly, while, as above indicated, the petition was insufficient to allege a cause of action for injunctive relief, the allegations to the effect that the defendant had excluded the petitioner from participating in the management of his business, and that she had accumulated considerable sums of money from the profits thereof, were sufficient to allege a cause of action for an accounting, and the trial judge did not err in overruling the general demurrer.

Other grounds of demurrer, not dealt with in this opinion, were expressly abandoned in the brief of counsel for the plaintiff in error. *Judgment affirmed. All the Justices concur.*