### 32208. MANRY *v.* SELPH.

Decided October 22, 1948.

*Steve M. Watkins,* for plaintiff in error.
*Jesse J. Gainey,* contra.

PARKER, J. While we recognize the rule that parol evidence is inadmissible generally to contradict or vary the terms of a valid written instrument (Code, § 38-501), and that "An entirely different contract from that evidenced by a writing can not be pleaded or proved by parol as a substitute for that embodied in such writing" (*Feingold* v. *McDonald Mortgage & Realty Co.*, 166 *Ga.* 838, 145 S. E. 90), and that a novation, to be valid, must be supported by some new consideration (Code, § 20-115; *Garvin* v. *Worthington Pump & Machinery Corp.*, 62 *Ga. App.* 240, 8 S. E. 2d, 589; *Alexander Film Co.* v. *Brittain*, 63 *Ga. App.* 384, 11 S. E. 2d, 66), we do not think that these principles are applicable to this case.

It appears here that the plaintiff had an agreement under which he could sell the property at $8000, and thereby earn a commission of 5%, and also that, if the owner sold the property himself within the time specified, he would pay the plaintiff 5% commission on the selling price. The plaintiff did not find a purchaser ready, able, and willing to buy, and who actually offered to buy at $8000, the terms stipulated by the owner, so as to establish his right to the commission, under the Code, § 4-213; but he did procure a purchaser to whom the defendant sold for $7000 during the term of the agency, and would be entitled to 5% commission on that sum unless the original contract had been set aside by a new agreement between the parties. The answer of the defendant, which was stricken on demurrer, alleged that before the sale was made he and the plaintiff made a new contract under which the defendant reduced the selling price to $7000 and the plaintiff reduced his commission to $200. We see no reason why the parties could not make such new agreement. The original contract was still in an executory state, and the plaintiff had not earned the 5% commission at the time the new agreement was alleged to have been made. It may be that the seller would not have been willing to sell the property at the reduced price without a reduction in the commission.

We think that this case comes under the ruling in *Crutchfield* v. *Dailey*, 98 *Ga.* 462 (25 S. E. 526), as follows: "No consideration is essential to the rescission of a simple executory contract, that is, one which has not been acted upon, other than a mutual agreement of the parties that it shall no longer bind either of

them. The consideration on the part of each is the other's renunciation." In *Pope* v. *Thompson*, 157 *Ga.* 891, 896 (122 S. E. 604), the court said: "While a valid executed contract can not be discharged by a simple agreement, but only by performance, by release under seal, or by an accord and satisfaction, one that is executory, that is, one that has not been acted upon, may be discharged by an agreement of the parties that it shall no longer bind either of them. The consideration on the part of each is the other's renunciation." In *Shoup* v. *Elliot*, 192 *Ga.* 858, 861 (16 S. E. 2d, 857), it was held that parties may by mutual consent abandon a contract so as to make it not thereafter binding, citing *Eaves* v. *Cherokee Iron Co.*, 73 *Ga.* 459 (3), and also that this principle has been applied to an executory contract for the sale of land, citing *Manley* v. *Underwood*, 27 *Ga. App.* 822 (110 S. E. 49). "A rescission of the contract by consent, or a release by the other contracting party, is a complete defense." Code, § 20-905. "A promise of another is a good consideration for a promise." § 20-304. See also *Daniel* v. *Burson*, 16 *Ga. App.* 39, 40 (84 S. E. 490), holding that the parties to the contract, if they saw fit, had a right to rescind the contract of sale; and if they did so, the rescission was a conclusive answer to any effort on the part of the plaintiff to collect the note which had been given for the purchase of a mare.

We think that the answer filed by the defendant was a sufficient plea of rescission, based upon a sufficient consideration, and entitled the defendant to the right to have a jury pass upon the merits thereof. Under this view of the case, it follows that the court erred in striking the answer of the defendant, and in directing the verdict for the plaintiff and entering judgment thereon.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*