33246. RIGGINS *v.* POMONA PRODUCTS CO.

DECIDED OCTOBER 6, 1950. REHEARING DENIED OCTOBER 31, 1950.

638

*William A. Thomas*, for plaintiff.

*Beck, Goodrich & Beck*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special grounds 1, 2 and 8 complain of the admission of testimony by two witnesses for the defendant that the plaintiff had agreed with the defendant's agents to cancel the contract of sale in a conversation at the plaintiff's house on the night when the witnesses called upon him in an attempt to obtain Fairs Beauty trees instead of the Sullivan's Elberta trees which had been planted and budded by the plaintiff, and to the charge of the court on this contention. The testimony was admissible on the ground, among others, that it went to support the defense of cancellation pleaded in the answer. The pleading represented a valid defense, it was not demurred to, and consequently testimony in support of these allegations was properly accepted. Complaint is made, however, that such testimony is an attempt to modify or cancel the contract, which had already been performed by the plaintiff to the extent of securing, planting and budding the trees, without any consideration to him. Our Code, § 20-905, provides as follows: "A rescission of the contract by consent, or a release by the other contracting party, is a complete defense." A release must be supported by a consideration. *Bruton* v. *Wooten*, 15 *Ga.* 570; *Molyneaux* v. *Collier*, 30 *Ga.*

731 (4). But a rescission, abandonment or cancellation of the contract by mutual consent is effective, there being sufficient consideration in the mutual promises and agreement of the parties. See *Hardy* v. *Maddox*, 72 *Ga. App.* 707 (34 S. E. 2d, 903), at page 711, and cases there cited. Counsel for the plaintiff contends that a contract cannot be canceled by mutual consent where there has been performance by one party. Assuming that this position was well taken, the plaintiff in this case had budded the trees and they were in the process of growing to the height contemplated by the contract at the time of the cancellation, but it cannot be said that he had completed his contract. The trees still had to grow to the height required and then be delivered. There was also consideration flowing to the plaintiff, it being the mutual promises and agreement of the parties which would permit the plaintiff to sell the trees to others at a higher price if the market for the trees was such as to make this course possible. The condition of the market for the trees was a matter open to investigation by the plaintiff before he agreed to the cancellation. If the jury believed the defendant's witnesses, as the verdict shows that it did, it was authorized to find the contract had been canceled by mutual consent. In consequence, these grounds of the amended motion are without merit.

■ The court charged the jury in part as follows: "The first issue is whether or not this contract has been canceled. You take up the first point of the question, has the contract been canceled. If you determine the contract was canceled and if the plaintiff agreed to the cancellation of that contract, then you would consider the case no further. In that event, the form of your verdict would be, 'We the jury find in favor of the defendant.' If you find the contract wasn't canceled, then you would go further. . ." The jury brought in a verdict as follows: "We the jury find the contract canceled in favor of the defendant." It is obvious from the form of the verdict that the jury took up the first issue, as instructed by the court, and decided it in favor of the defendant, thus terminating their deliberations.

The remaining grounds of the amended motion complain of the introduction of evidence relating to the condition of the trees at the time the defendant offered to compromise the dispute by

640

purchasing all suitable trees on hand, on the charge of the court as to the defendant's contention that at this time they were not suitable, his charge on the subject of breach of contract, and his charge on the plaintiff's election, as the result of such alleged breach, to sue for the full contract price. Without touching on the merits of these assignments of error further than to say that the testimony was admissible under the affirmative defense of the defendant as set out in its pleadings, it is obvious that the alleged errors complained of, if any, related to matters necessarily not considered by the jury in reaching its decision in this case, and for this reason could not in any event have been harmful to the plaintiff. See *Robinson* v. *Murray*, 198 *Ga.* 690 (2) (32 S. E. 2d, 496). The defendant had the right under its pleadings to introduce evidence that at the time it offered to settle the dispute by purchasing the trees they were not merchantable, but this issue, and in fact all issues relating to a breach of contract, could not have been considered under the verdict finding that the contract had been canceled. These assignments of error are therefore without merit.

■ Two witnesses for the defendant testified that the contract was canceled by mutual consent. This testimony was contradicted by the plaintiff, but not impeached. Therefore, the jury was authorized by the evidence to find in favor of the cancellation of the contract, an issue of fact being presented.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*