34152, 34158. VLASS *et al. v.* WALKER; and *vice versa.*

DECIDED SEPTEMBER 13, 1952.

*Frank A. Bowers*, for plaintiff in error.

*Houston White, Emory A. Schwall*, contra.

SUTTON, C.J. (After stating the foregoing facts.)   The trial judge was authorized to find from the evidence: that the defendant listed his property, known as number 965 Howell Place S.W., in Atlanta, Fulton County, Georgia, for sale at $8500 cash with the plaintiffs, licensed real-estate brokers, who procured Mrs. W. R. Corum, who was ready, able, and willing to purchase the property at the price fixed by the defendant; that the plaintiffs then drew up a contract between the defendant and Mrs. Corum for the sale of the property, and said contract was signed by Mrs. Corum on June 12, 1951, and thereafter, on the same day, was signed by the defendant; that the following special stipulation, "Seller to have 30 days free rent from closing date of sale. Seller agrees to pay buyer $65.00 per month rent until September 1st, 1951," was not in the contract when Mrs. Corum signed it, but was written into the contract at the time it was signed by the defendant, Walker, but the contract was not carried back to Mrs. Corum for her signature or approval, nor was it delivered to her after this stipulation was inserted therein; that, on the following day, after these parties had signed the contract, the defendant communicated with the plaintiff, John Vlass, over the telephone and told him that he did not want to sell his house at 945 Howell Place S.W. and wanted to be relieved from the contract, and Vlass told the defendant that, if he (the defendant) could get Mrs. Corum to release him from the contract, the plaintiffs would agree to its voluntary rescission; that the defendant procured an agreement from Mrs. Corum to rescind the contract and so informed the plaintiff, Vlass, who stated that, so far as he was concerned, the contract was rescinded and

the whole thing settled, and that the defendant owed the plaintiffs nothing, stating at the time that the plaintiffs were a young firm and wanted to make friends instead of enemies.

The trial judge found that the stipulation, "Seller to have 30 days free rent from closing date of sale. Seller agrees to pay buyer $65.00 per month rent until September 1st, 1951," was written into the contract after it was signed by Mrs. Corum, and that it was not resubmitted to her after that, and consequently the contract was incomplete as it was never agreed to by both parties, and could be rescinded as there was no meeting of the minds of the parties on all of its terms. Code § 20-108 provides: "The consent of the parties being essential to a contract, until each has assented to all the terms the contract is incomplete; until assented to, each party may withdraw his bid or proposition."

It appears from the evidence that the contract was rescinded by the mutual consent of all the parties, that is, by Mrs. Corum, the defendant, and the plaintiffs, and that the plaintiff voluntarily returned the earnest money. Code § 20-905 is as follows: "A rescission of the contract by consent, or a release by the other contracting party, is a complete defense." The mutual consent of the parties is a sufficient consideration to rescind the contract. *Hardy* v. *Maddox,* 72 *Ga. App.* 707, 711 (34 S. E. 2d, 903); *Manry* v. *Selph,* 77 *Ga. App.* 808 (50 S. E. 2d, 27); *Riggins* v. *Pomona Products Co.,* 82 *Ga. App.* 636 (61 S. E. 2d, 682); *Crutchfield* v. *Dailey,* 98 *Ga.* 462 (25 S. E. 526); *Shoup* v. *Elliott,* 192 *Ga.* 858, 861 (16 S. E. 2d, 857); *Cohen* v. *Cohen,* 200 *Ga.* 33, 36 (35 S. E. 2d, 908). In the case of *Girardeau & Saunders* v. *Gibson,* 122 *Ga.* 313 (50 S. E. 91), it appears that the owner of certain real estate placed it in the hands of a real-estate broker to sell at $8000. The broker found a purchaser who agreed to pay this price, and a deed was executed by the owner to the purchaser but was not delivered, for the reason that the purchaser declined to complete the sale until the taxes, which had been assessed before the trade, were paid. The owner declined to pay the taxes; and, after much discussion between him and the purchaser and the broker, they agreed that the trade be canceled. It was held in the opinion in that case: "If, after the parties were brought together, there was a mis-

understanding as to which one should pay the taxes, and the broker agreed with the parties that the trade be declared at an end, we think this amounted to a waiver of his right to commissions, or rather to a consent on his part that he was not entitled to them. If, instead of giving his consent, he had objected to the rescission, he would have been clearly entitled to his commissions; but when he agreed with the parties that there was no trade on account of the misunderstanding stated, he waived the right to his fee."

Under the evidence and the law applicable thereto, the trial judge, before whom the case was tried without a jury, was authorized to find in favor of the defendant, and he did not err in denying the plaintiff's motion for a new trial.

*Judgment affirmed on the main bill of exceptions, case number 34152; and the cross-bill, case number 34158 is dismissed. Felton and Worrill, JJ., concur.*