## 34714. TUCKER v. BAKER.

CARLISLE, J. E. B. Baker, as buyer, entered into a written contract for the sale and purchase of certain realty with Miss Clyde Wehunt, as seller, and B. N. Tucker, doing business as Tucker Realty Company, as agent, and deposited with Tucker $500 as earnest money under the terms of the contract. The standard sales-contract form of the Atlanta Real Estate Board was employed for the writing. Among the printed provisions of the contract were the following: (1) "Seller agrees to furnish good and marketable title to said property and buyer shall have a reasonable time in which to examine the same. It is agreed that such papers that may be legally necessary to carry out the terms of this contract shall be executed and delivered by the parties at interest as soon as the validity of the title to said property has been established . . . "; (2) "In negotiating this contract agents have rendered a valuable service and seller agrees to pay agents commission in accordance with the schedule printed on the reverse side hereof. If sale is not consummated due to default of buyer, seller shall not be obligated to pay commissions but buyer shall pay said commissions." Among the typed (written) provisions of the contract were the following: (1) "Purchaser to pay all expenses incurred in checking title to above property if purchaser desires for the title to be checked"; and (2) "This deal must be completely closed out on or before November 10, 1952, time being of the essence of this contract." The contract was entered into on October 27, 1952. The sale was never consummated, and in December, 1952, the buyer brought an action against the agent to recover the earnest money deposited. The agent answered and interposed his counterclaim for $675.50 as the amount of commission due him by the buyer by reason of the buyer's having defaulted on the contract and sale of the realty. Upon the trial of the case the jury returned a verdict for the buyer in the sum of $500. The defendant agent's motion for new trial, based solely on the general grounds, was overruled and he has appealed to this court for a review. *Held*:

1. The parties to an executory contract may rescind it by mutual agreement, although it is in writing, and the mutual promises of the parties constitute sufficient consideration. *Crutchfield* v. *Dailey*, 98 *Ga.* 462 (25 S. E. 526); *Central of Georgia Ry. Co.* v. *Gortatowsky*, 123 *Ga.* 366, 375 (51 S. E. 469). And this principle has been applied to an executory contract for the sale of realty. *Manley* v. *Underwood*, 27 *Ga. App.* 822 (110 S. E. 49). See also *Cohen* v. *Cohen*, 200 *Ga.* 33, 36 (35 S. E. 2d 908).

2. While it would seem, from the terms of the contract of sale, that it was incumbent on the buyer to notify the seller of any defects in the title to the property, or to notify her that he did not care to check the title and would accept it as valid, before she was to deliver the warranty deed to the property, and that this was to be done prior to November 10, time having been made of the essence in the contract, the jury was authorized to find that, prior to November 10, there was a mutual rescission of the contract, as both the seller and the agent informed the buyer that each was agreeable to a cancellation of the

agreement if the other was, and the buyer secured the consent of each.

3. Consequently, the verdict is supported by some evidence; it has the approval of the trial court, and will not, therefore, be disturbed by this court on review.

*Judgment affirmed.  Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 14, 1953.

*Phillips, Johnson & Williams,* for plaintiff in error.
*Walters & Roberts,* contra.