37275. ATLANTA TRAILER MART, INC. *v.* WARR *et al.*

DECIDED SEPTEMBER 29, 1958.

*William H. Major, Harry S. McCowen,* for plaintiff in error.
*Carpenter, Karp & Mathews, A. Tate Conyers,* contra.

FELTON, Chief Judge. 1. In a proceeding instituted to recover a judgment for the balance due on notes and a conditional-sale contract given in a transaction for the sale of a trailer-bus the

answer of the defendants setting up that there had been a rescission of the contracts by the acceptance of the return of the bus to the plaintiff and an agreement by the plaintiff to refund the $500 down payment made by the defendants, though including another defective defense, was not subject to general demurrer. The alleged rescission agreement was for a rescission of the original contract as a whole for which mutual promises are sufficient consideration. *Hardy* v. *Maddox*, 72 *Ga. App.* 707, 711 (4) (34 S. E. 2d 903); *Vlass* v. *Walker*, 86 *Ga. App.* 742-745 (72 S. E. 2d 464); *Tucker* v. *Baker*, 88 *Ga. App.* 580 (77 S. E. 2d 92).

2. The plaintiff's original petition alleged that the bus had been surrendered to it by the defendants and prayed for a special lien. By amendment the plaintiff alleged that it had sold the bus at private sale under the provisions of the contract and had credited the notes with the amount of the sale. The testimony of the defendants showed only that the plaintiff agreed to take the bus back and reimburse the defendants part *or* all of the $500 down payment. Whatever effect this indefinite agreement as to the down payment had on the validity of the purported agreement to rescind, the evidence showed that the plaintiff advertised the bus for sale and in the advertisement stated that the bus would be sold for a stated amount or traded for a house-trailer of equal value. The jury was authorized to find that the offer to trade the bus for a house-trailer was the exercise of complete dominion over the bus as its own property rather than an effort to treat it as the property of the defendants for the purpose of selling it and crediting the proceeds on the notes and contract. The contract in this case does not authorize a trade of the bus but only a sale, which in the context of the transaction does not include a trade or swap. This act could have been found by the jury to be such a rescission of the contract as would defeat the plaintiff's right to recover the balance of the purchase price. The situation is analogous to the bringing of an action of trover by the plaintiff. *Skinner* v. *Bearden*, 77 *Ga. App.* 325, 327 (48 S. E. 2d 574). (The court directed a verdict against the defendants on the counter-claim for a return of the $500 down payment to which no exception was taken.)

The court did not err in overruling the general demurrer to the defendants' answer and the plaintiff's motion for a judgment notwithstanding the verdict for the defendant.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*