39612.   FULTON  HOSPITAL,  INC. et al. v. McDONALD.

DECIDED SEPTEMBER 6, 1962—
REHEARING DENIED OCTOBER 25, 1962.

784

*J. Connie Covington, Marvin O'Neal, Jr.,* for plaintiffs in error. *Bartholomew & Almon, R. T. Bartholomew, Everett Almon,* contra.

EBERHARDT, Judge. ██ It is insisted that although the petition was not demurred to, it was so defective as to set out no cause of action and that no legal verdict for the plaintiff could be returned on it. It must be conceded that if the petition was so defective, the motion for judgment non obstante veredicto ought to have been granted. *Southern Bell Tel. & Tel. Co. v. Brackin,* 215 Ga. 225 (2) (109 SE2d 782); *Code* § 110-704.

The basis for this position as urged by the defendants is that the petition was equivocal in alleging that "dope, drugs, narcotics, bromides or other substance" was administered, that it did not allege what "other substance" may have been given him and did not allege when or how it was given. We can not agree that these defects render the petition so defective as to set out *no* cause of action. They are, of course, matters which might well have been reached by special demurrer. But to meet the test of *Brackin* it must appear that the petition would have been subject to a general demurrer, and to determine that we must look to the four

corners of the petition, and to any amendment thereof that may have been effected by the evidence. See *Harvey v. DeWeill,* 102 Ga. App. 394, 404 (116 SE2d 747). It does allege that plaintiff suffered a bromide poisoning which resulted from the administration of whatever was given him, and that whatever it was, it was mixed and administered to him by the defendant Hardy while plaintiff was a patient in the Fulton Hospital. We think that, as against a general demurrer, this was enough of what, when and how. The evidence was sufficient to prove the allegations and to support the verdict. We may say that if we had been members of the jury we might have come to a different conclusion—but this court has no right to disturb the findings of a jury if there is any evidence to support them. The trial judge might have exercised a discretion in the grant of a new trial, but he did not. We have no such power. We find no error, therefore, in the overruling of the motion for judgment notwithstanding the verdict or in the overruling of the general grounds of the motion for new trial.

■ Error is assigned upon the portion of the court's charge in which he withdrew from the consideration of the jury count 1 of the petition upon the ground that in so doing the contentions of the plaintiff, as set out in count 1, were related by the court to the jury. A reading of the charge shows no error. It is apparent to the reader at once that the court was carefully identifying the count of the petition that was being withdrawn from their consideration and on which they were to return no verdict.

■ Although reference is made in the brief to special ground 2 of the motion for new trial, it is neither argued nor urged. Thus, it is treated as having been abandoned.

■ In special ground 3 error is assigned on the portion of the charge "defining negligence in relation to the duty of a physician or one who undertakes to perform the services of a physician, whether licensed or not," urging that the defendant Hardy, a hospital administrator, was not a licensed physician, that he never represented himself so to be, and that thus there was no such person described in either the pleadings or the evidence as was referred to in the charge. We think that the charge was authorized. It was not contended that Hardy was a physician, licensed

or not, but rather that he was undertaking to perform the services of one when he mixed and administered the substances to plaintiff while a patient in the hospital for the purpose of affording him relief from discomfort. The charge gave the substance of *Code* §§ 84-906 and 84-924, which seem to us to have been applicable and appropriate under the facts here. Cf. *Andrews v. Lofton*, 80 Ga. App. 723 (2) (57 SE2d 338).

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*