### 44407. KNIGHT v. MILLARD.

BELL, Presiding Judge. Plaintiff brought this suit to recover on a contract of employment. The complaint alleged that defendant employed plaintiff for a period of one year beginning April 3, 1967, at a salary of $300 per week plus ten percent of the gross income of defendant's business, and that defendant discharged plaintiff without cause on December 1, 1967.

1. However, the evidence at the trial showed that some time after plaintiff began work, the parties agreed that the employment could be terminated at any time by either of them by giving the other thirty days' notice. It appears that later the contract was rescinded by mutual agreement, as plaintiff testified: "We discussed the declination of the business for a period of several weeks, approximately three weeks. And approximately one week prior to the termination there was the first definite word of termination, and it was stipulated that if we did not get a large contract within the coming week that the termination would then come about as of the first week in December." It is elementary that rescission of a contract by consent is a complete defense as to the executory portion of the contract. *Code* § 20-905; *Crutchfield v. Dailey*, 98 Ga. 462 (25 SE 526) ; *Manry v. Selph*, 77 Ga. App. 808, 811 (50 SE2d 27). The evidence demanded a finding that defendant was not liable for any sums which would have

been earned by plaintiff after December 1, 1967, as the contract had terminated by consent as of that date.

2. Plaintiff introduced in evidence a written memorandum showing payments received by defendant for various jobs in which defendant was engaged, sums paid plaintiff as his commission on certain jobs, and sums due plaintiff on jobs on which he had earned a ten percent commission prior to termination of the contract. This information was compiled by plaintiff by examination of a number of cards kept on file in defendant's office containing information pertinent to each job separately. As plaintiff's compilation did not purport to be a copy of records made in the regular course of defendant's business, it did not occupy the status of secondary evidence admitted without objection. Instead, it was hearsay as to what the records showed. *Faw v. American Appraisal Co.*, 89 Ga. App. 62, 67 (78 SE2d 846). In that status it was entirely without probative value. *Liberty Nat. Life Ins. Co. v. Power*, 112 Ga. App. 547, 553 (145 SE2d 801).

The court did not err in granting defendant's motion for a directed verdict limiting the amount of plaintiff's recovery to $450, which defendant admitted to be due.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

SUBMITTED APRIL 9, 1969—DECIDED APRIL 30, 1969—
REHEARING DENIED MAY 16, 1969.

*Feldman & Love, Albert P. Feldman,* for appellant.
*Claude E. Hambrick,* for appellee.