## 44665.   LONG MANUFACTURING COMPANY, INC.
## v. CITIZENS BANK.

ARGUED SEPTEMBER 2, 1969—DECIDED SEPTEMBER 19, 1969.

*Sutton, Kelley & Pittman, Thomas H. Pittman, Frank Sutton,* for appellant.

*Bell & Baker, Conger & Conger, J. Willis Conger,* for appellee.

DEEN, Judge. The direction of the verdict in favor of the garnishee is shown by the order of the trial court to have been based on the statement that "there was no consideration for the making of such assignment" of the contract by the defendant to the bank which appears in the stipulation of facts and which is binding on the parties, and also the stipulation that "at no time did garnishee claim any proprietary interest in such assignment and the contract therein referred to and at no time was such assignment utilized by garnishee for the purpose of securing any indebtedness or other obligation owed by defendant to garnishee." An assignment to be valid must either be a gift or be for consideration. The holding in *Brown Guano Co. v. Bridges,* 34 Ga. App. 652 (3) (130 SE 695) was to the effect that there is no presumption of consideration for an equitable

assignment. The assignment here recites that it is for value received, and the appellant contends that even though the stipulation is to the effect that there was no consideration, it is elsewhere stipulated that "the purpose of such assignment was to secure such loan if such loan was subsequently made by garnishee to the defendant," and that this, being an agreement to extend credit, was in itself sufficient consideration. "The consideration for a contract may consist in a promise that an agreed beneficial thing shall afterwards be done for the maker." *Bing v. Bank of Kingston*, 5 Ga. App. 578 (2) (63 SE 652). However, assuming that had the bank in fact made a loan, and kept the funds sent in under the contract with Powerhouse, Inc., as collateral security, there would have been a valid and enforceable contract and even assuming that under the oral and unpled agreement between the defendant and the bank by virtue of which the assignment was made the bank might have obligated itself to furnish the defendant with funds if the defendant had requested them, it is beyond dispute that the contract to lend money to the defendant was completely executory and further that the commitment of Powerhouse, Inc., was only to protect the bank in the payments of funds belonging to the defendant until notified by the bank to cease doing so. From these documents in connection with the stipulation it is clear that the bank had no interest in the defendant's contract unless and until it needed it for collateral security on a loan, that it did have a bare legal title, and that it had an option to divest itself of this by notification to Powerhouse, Inc. One method of terminating all rights under an executory contract whether in writing or not, is by mutual agreement. *Tucker v. Baker*, 88 Ga. App. 580 (1) (77 SE2d 92). Some ten days prior to the service of the summons of garnishment the parties did in fact mutually agree that the loan would not be made. The legal effect of such an agreement was an effective rescission of the contract, and the bank thereafter had no right in it or any funds available under it. The fact that the garnishee did not inform Powerhouse, Inc., of the rescission until two days after service of the summons is immaterial, since no funds were received in the meantime, and since any right which it may have had in the

contract prior to the mutual rescission no longer existed. The appellant's contention that the contract as a mere piece of paper had *some* value, and that therefore the garnishee's answer of "not indebted" was inaccurate is irrelevant since the contract as a piece of paper was of no value to the plaintiff. *De minimis non curat lex.*

The trial court did not err in directing a verdict in favor of the garnishee.

> *Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*