## 53361. JOHNSON VENTURES, INC. v. BARKIN.

MCMURRAY, Judge.

The Johnson Company (apparent trade name of Johnson Ventures, Inc.), through its president, David P. Johnson, entered into a contract with Terry S. Barkin for the purchase and sale of a house and lot located in Fulton County, Georgia, which The Johnson Company had under construction. Five thousand dollars earnest money was paid to the seller. The sale was to be closed on or before June 30, 1974, with other special stipulations as to financing, one year warranty as to major defects in workmanship and materials and certain requirements as to wall paper, light fixtures, carpets and landscaping allowance. The builder then proceeded to complete the house in accordance with the taste of the purchaser's wife, which included wall papering and painting in certain shades and colors. About ten days prior to June 30, the builder advised Barkin's real estate agent that the house would be ready for closing by June 30, and a closing date was set for Monday, July 1. On June 30, Barkin and an inspector he had employed for that purpose inspected the dwelling and a punch list containing 40 items was prepared and after a meeting of the parties an agreement was reached as to 35 items that would be attended to by the builder. At this time there seems to be some disagreement as to the date of closing before all of the items to be completed were prepared. While the builder wanted to close immediately the purchaser wanted to wait

until the house was totally completed. The builder, through its president Johnson advised at this time, "we can either close the house or he (Barkin) can pick up his earnest money because I've got the house ready and I want to close it." Whereupon the purchaser's attorney called back to tell the builder, "The deal's off. Mr. Barkin wants his earnest money back." At this time there appears to be some question as to whether or not the builder's offer amounted to a rescission of the contract or offer to rescind and whether or not the same was accepted, since the builder then offered to compromise and tried to compromise the differences of opinion. But the purchaser apparently wanted to accept the offer to rescind the contract. The house was then put up for sale, the earnest money returned and the house was later sold for $4,450 less than the Barkin contract, plus the fact that the builder had to pay "points" and additional interest on his construction loan, as well as considerable painting and redecorating expenses in order to sell it, including utilities, maintenance and upkeep for some length of time.

Johnson Ventures, Inc., doing business as The Johnson Company, then filed suit against Barkin seeking monetary damages. The defendant answered, denying in general the averments of the complaint and counterclaimed seeking judgment against the plaintiff for expenses defendant had incurred because of the refusal of the plaintiff to complete the house as required by the contract. The case was tried before the court without a jury, and after the court rendered its findings of fact and conclusions of law, judgment was rendered in favor of the defendant and against the plaintiff as to the main action and against the defendant as to his counterclaim. The same was based on a conclusion of law by the court that there was a showing of cancellation of mutual consent and that a rescission, abandonment or cancellation of a contract by mutual consent was effective and based upon sufficient consideration and mutual promises and agreement of the parties. Motion for new trial was filed and denied, and plaintiff appeals. *Held:*

1. A number of the enumerations of error are concerned with the contention that the trial court failed to

cover certain issues raised by the pleadings and the evidence. We know of no requirement other than that the trial court must specially make findings of fact which would require the court to consider every item of evidence contended for by one side or the other. Findings of fact shall not be set aside unless clearly erroneous. See Code Ann. § 81A-152 (a) (Ga. L. 1970, pp. 170, 171); *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (1) (203 SE2d 860); *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 348 (1) (208 SE2d 118). While it is true the findings of fact set forth certain findings from the evidence which were more favorable to the defendant, nevertheless there was evidence to support same. The finding of fact by the court that the position taken by the plaintiff in terms of words and conduct amounted to an abandonment or cancellation of the contract, accepted by the defendant, disposed of the entire case, thereby barring plaintiff from any recovery.

2. The next four enumerations of error argued by the plaintiff concern specific findings of fact which are contended to be erroneous. These are that the trial judge found that the position taken by the plaintiff in words and in conduct amounted to an abandonment or cancellation of the contract and that plaintiff's position or offer was accepted thereby effectively canceling or rescinding the contract and barring any recovery by either party. While members of a jury or another judge hearing the issues might find different results from the same evidence; nevertheless there was evidence to support the court's findings of fact, and we will not set it aside. See Code § 20-905; *Nussbaum & Dannenberg v. Ross,* 50 Ga. 628, 629; *Feagin v. Georgia-Carolina Investment Co.,* 63 Ga. App. 615, 619 (11 SE2d 813); *Vlass v. Walker,* 86 Ga. App. 742, 745 (72 SE2d 464); *Atlanta Trailer Mart v. Warr,* 98 Ga. App. 253, 254 (105 SE2d 600); *Fulton Hospital v. McDonald,* 106 Ga. App. 783, 785 (1, 2) (128 SE2d 539).

3. Nor did the court thereafter err in rendering conclusions of law that a rescission of the contract by mutual consent was effective and that there was sufficient consideration in the mutual promises and agreement of the parties that neither party could recover from the other as a result of the cancellation by mutual

consent. *Shoup v. Elliott,* 192 Ga. 858, 861 (16 SE2d 857); *Riggens v. Pomona Products,* 82 Ga. App. 636 (1), 639 (61 SE2d 682). The judgment was not contrary to law or evidence.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 19, 1977 — DECIDED MARCH 8, 1977 — REHEARING DENIED MARCH 31, 1977 — ■

*Pye, Groover & Pye, Tom Pye,* for appellant.

*Arnall, Golden & Gregory, Earnest H. DeLong, Jr.,* for appellee.