## 57675. BRADFIELD v. GARDNER.

QUILLIAN, Presiding Judge.

The plaintiff brought this action in the State Court of DeKalb alleging that the defendant was indebted to the plaintiff in the sum of $895 for purchase money paid to the defendant upon a 1969 Volkswagen automobile, the automobile having been returned to the defendant. The complaint further alleged that the plaintiff through her attorney made demand upon the defendant for the return of the purchase price but the sum had not been returned and the demand had been refused. The case was heard before a trial judge sitting without a jury who entered the judgment finding "that the plaintiff has not carried the burden of proof showing sufficient breach of warranty to allow plaintiff to return the 1969 Volkswagen automobile and recover the purchase price thereof, though the plaintiff has sought to return the said automobile by leaving same at defendant's residence." The trial judge found, as a conclusion of law, "the plaintiff not having carried the necessary legal burden, judgment is found in favor of defendant." Appeal was taken by the plaintiff.

The plaintiff's enumerations of error contain two grounds: 1) the lower court erred in entering judgment against the plaintiff without finding the facts specially and stating separately its conclusions of law; 2) the lower court erred in entering judgment against the plaintiff since the uncontroverted evidence demanded the conclusion that the defendant had consented to the rescission of the contract by retaining the automobile without offering to return it. *Held:*

On the trial of the case the plaintiff sought to show that the defendant had breached his warranty to guarantee the motor and transmission of the vehicle for sixty days. There was evidence showing that the vehicle had been returned to the defendant who had kept it since that time without either offering to return the vehicle or

the purchase price.

One party to a contract may consent to rescission by the other party either impliedly or by conduct. *Evans v. Lott,* 25 Ga. App. 86 (102 SE 556); *Dowling v. Southwell,* 95 Ga. App. 29 (1) (96 SE2d 903); *Johnson Ventures, Inc. v. Barkin,* 141 Ga. App. 810 (3) (234 SE2d 340); *Shoup v. Elliott,* 192 Ga. 858, 861 (16 SE2d 857); and *Hennessy v. Woodruff,* 210 Ga. 742, 744 (82 SE2d 859). Contrary to plaintiff's assertion the evidence did not demand a finding that the defendant consented to a rescission but there was evidence sufficient to authorize a finding to that effect. The judgment of the court below indicates that the trial judge found in favor of the defendant based on the single issue that there was insufficient evidence of breach of warranty. The case is therefore remanded with direction that determination be made with regard to the other theory on which the plaintiff based her right to recover, namely whether there had been a rescission of the contract by the plaintiff and a consent to such rescission by the defendant.

Since the case must be reversed and remanded we reiterate the requirements of the law regarding findings of fact and conclusions of law under Code § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) as exemplified by the decisions of *Oster v. Rich's, Inc.,* 140 Ga. App. 373 (231 SE2d 140); *Jackson v. Jackson,* 145 Ga. App. 564 (1) (244 SE2d 91); and *Fred R. Surface & Assoc. v. Worozbyt,* 148 Ga. App. 639 (252 SE2d 67).

*Judgment reversed with direction. Smith and Birdsong, JJ., concur.*

SUBMITTED APRIL 5, 1979 — DECIDED MAY 14, 1979.

*Clein & Heimanson, Neil L. Heimanson, Harvey A. Clein,* for appellant.
*Sam G. Dettelbach,* for appellee.