67886. STAFFORD v. FITNESS FOR LIFE OF AMERICA, INC.

CARLEY, Judge.
Appellant-defendant purchased a three-year membership in appellee-plaintiff's health club. The membership was to commence on May 26, 1981, and was evidenced by a "Promissory Note and Membership Agreement" executed by appellant on that date. This document provided for monthly installment payments on the financed three-year membership fee, acceleration of the entire unpaid balance in the event of appellant's default in the payment of any installment, and, pursuant to OCGA § 10-1-393 (b) (12) (F), a clause advising appellant of her right to cancel the contract during the term of her membership in the event of her "total and permanent disability."

Apparently, appellant never paid any of the contemplated monthly installments. On August 4, 1982, appellee filed suit against appellant. Appellee sought to recover $659.18, a sum equal to the entire accelerated amount of the note less unearned finance charges, plus attorney fees as provided in the note. Appellant answered, denying the material allegations of the complaint.

Appellee subsequently moved for summary judgment. In late August or early September of 1983, appellant filed her own affidavit in opposition to appellee's motion. In that affidavit, appellant stated that on June 15, 1981, some few weeks after joining appellee's health club, she gave birth to a child. According to appellant's affidavit,

"complications in delivering this baby caused [her] to be totally disabled for the period of [her] membership and unable to take advantage of [her] membership" to the total fitness center. Also according to appellant's affidavit, she had "previously informed agents for [appellee] of [her] physical infirmities resulting from the birth of [her] child on June 15, 1981, however, they [had] never requested any medical documentation on that fact. They merely filed suit."

The trial court conducted a hearing on appellee's motion for summary judgment and thereafter entered an order which found appellant's "counter affidavit insufficient to present specific facts supporting the conclusions stated therein and that there is no genuine issue of material fact for trial." Accordingly, the trial court granted summary judgment in favor of appellee as to the entire $659.18 plus attorney fees. It is from this order that appellant appeals.

We need not decide whether the trial court erred in determining that, with regard to the self-diagnosis of future, total, and permanent disability resulting from childbirth, appellant's affidavit was not competent evidence. See generally *New York Life Ins. Co. v. Bradford*, 57 Ga. App. 657, 664 (3) (196 SE 92) (1938). This is true because, even assuming the affidavit was not competent evidence that appellant had actually suffered "total and permanent disability," the lack of competent medical evidence on that issue was immaterial in the instant case.

Nothing in OCGA § 10-1-393 (b) (12) (F) or the contract that appellant signed would condition the validity of appellant's exercise of her right to cancel upon her submission of medical evidence of "total and permanent disability." Although both the statute and the contract gave appellee the right to require and verify reasonable evidence of "total and permanent disability," there is nothing in either the statute or the contract which would preclude appellee from accepting appellant's own personal opinion in that regard and cancelling the contract accordingly. As noted above, appellant's affidavit stated that she had previously informed appellee of her election to cancel the contract based upon her "physical infirmities." Appellant's affidavit also stated that, after appellee's agents had been given notice of her election to cancel her contract, no request was ever made for medical confirmation of her disability. Accordingly, the issue in the instant case was whether appellee had accepted appellant's cancellation of the contract, not whether appellant's election was supported by medical evidence.

Appellant's contentions regarding her oral cancellation of the contract and appellee's tacit acceptance thereof are not addressed by any evidence which was offered by appellee in support of its motion for summary judgment. In fact, the record contains a document, submitted by appellee and denominated as its own business record,

which "serve[d] as a report to [appellee] of any credits made [on appellant's note] and the balance due [thereon.]" This business record of appellee's contains, in addition to data relevant to appellant's account, a handwritten notation which is dated "3/24/82," and which reads as follows: *"Acct Cancelled Record Purged."* This dated notation, which bears an illegible signature or initials, is nowhere explained in the record. Absent any explanation whatsoever, it cannot be said that this notation on appellee's business record does not represent written evidence of final acceptance by appellee's agents as of "3/24/82" of appellant's exercise of her statutory and contractual right to cancel her contract by reason of her "total and permanent disability."

Under this posture of the record, and construing the evidence most strongly against appellee, it cannot be said that appellee was entitled to summary judgment as to the *entire* accelerated amount of the contract. " 'Where under the contract a party may terminate it at his option, he is not liable after termination for further transactions thereunder, but obligations which have already accrued are not affected. Stipulations in the contract as to the rights of the parties on termination will ordinarily be enforced according to their terms.' [Cits.]" *J. R. Watkins Co. v. Brewer,* 73 Ga. App. 331, 343 (36 SE2d 442) (1945). If appellant sought to exercise the option to cancel the contract and appellee accepted that election without requiring medical evidence in support thereof, we cannot find as a matter of law that there was not a rescission of the executory portion of the contract and that appellant would be obligated to appellee only for the executed portion of the contract, to wit: a "fee of $25 plus an amount equal to the value of services made available for [her] use." "It is elementary that rescission of a contract by consent is a complete defense as to the executory portion of the contract. [Cits.]" *Knight v. Millard,* 119 Ga. App. 696 (168 SE2d 331) (1969). "One party to a contract may consent to rescission by the other party either impliedly or by conduct. [Cits.]" *Bradfield v. Gardner,* 150 Ga. App. 49, 50 (256 SE2d 655) (1979). See also *Hennessy v. Woodruff,* 210 Ga. 742, 744 (2) (82 SE2d 859) (1954). Accordingly, a genuine issue of material fact remains, at least with regard to the extent of appellant's liability to appellee on the note. The trial court erred in granting appellee summary judgment as to the entire accelerated amount of the note.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984.

*Charles B. Zirkle, Jr.,* for appellant.

*D. Merrill Adams, M. Alvin Levy*, for appellee.