## 77758. DAY v. FANTASTIC FITNESS, INC.
### (378 SE2d 166)

BANKE, Presiding Judge.

The appellant, Norma H. Day, sued the appellee, Fantastic Fitness, Inc., to recover for injuries she allegedly sustained when she slipped and fell while exiting a shower stall on the premises of a health and fitness facility operated by the appellee. The appellee is alleged to have been negligent in allowing an unusually slippery and hazardous substance to build up on the floor of the shower. This appeal is from the grant of the appellee's motion for summary judgment.

The appellee's motion for summary judgment was based in part upon the following exculpatory language contained in the membership agreement executed by the parties: "[A]ll exercises, treatments, and use of all club facilities shall be undertaken at the member's own risk . . . and . . . the [appellee] shall not be liable for any claims, demands, injuries, damages, actions or causes of action . . . which arise wholly or partially due to the negligence of the [appellee] arising out of or connected with use of any of the services and/or facilities of [appellee], and the member does hereby expressly release and discharge [appellee] from all such claims, demands, injuries, damages, actions or causes of action." *Held:*

1. It is well settled that public policy does not prohibit the inclusion of a clause such as the one under consideration here in a fitness or health club membership contract. See *Lovelace v. Figure Salon*, 179 Ga. App. 51 (1) (345 SE2d 139) (1986); *My Fair Lady of Ga. v. Harris*, 185 Ga. App. 459 (364 SE2d 580) (1988). See generally OCGA § 1-3-7. Compare *Emory Univ. v. Porubiansky*, 248 Ga. 391 (282 SE2d 903) (1981) (contractual provision purporting to discharge physician or dentist from liability for future professional malpractice held unenforceable); *Smith v. Hosp. Auth. of Walker &c. Counties*, 160 Ga. App. 387 (287 SE2d 99) (1981) (provision purporting to discharge hospital from liability for future negligence in drawing blood held unenforceable).

2. Although there is no dispute that the membership contract was in force at the time the accident occurred, the appellant contends that, because she cancelled her membership after the accident and obtained a complete refund of her membership fee, the situation is the same as if the contract had never existed. We do not agree.

" 'Parties may by mutual consent abandon a contract so as to make it not *thereafter* binding. . . .' [Cit.]" *Hennessy v. Woodruff*, 210 Ga. 742, 744 (2) (82 SE2d 859) (1954). (Emphasis supplied.) " ' "Where under the contract a party may terminate it at his option, he is not liable after termination for further transactions thereunder, but obligations *which have already accrued are not affected.*" ' "

*Stafford v. Fitness for Life*, 171 Ga. App. 422, 424 (319 SE2d 891) (1984), citing *J. R. Watkins Co. v. Brewer*, 73 Ga. App. 331, 343 (36 SE2d 442) (1945). (Emphasis supplied.)

Having acquired access to the appellee's premises by agreeing to release the appellee from liability for ordinary negligence arising out of the use of its services or facilities, the appellant could not retroactively change the terms of the relationship merely by cancelling the contract and receiving a refund of her membership fee after being injured. Once a known right, benefit, or advantage has been waived, it cannot be reclaimed. See *Aaron Rents v. Corr*, 133 Ga. App. 296, 302-303 (211 SE2d 156) (1974); *New York Underwriters Ins. Co. v. Noles*, 101 Ga. App. 922, 924-925 (115 SE2d 474) (1960). Furthermore, assuming arguendo that the appellant did retroactively eliminate the effect of the membership contract by cancelling it after the accident, it logically follows that in doing so she retroactively changed her status on the premises from that of an invitee to that of a licensee or trespasser, with the result that the appellee could be held liable to her only for wilful or wanton negligence, which is not alleged in this case. See generally *Flagler Co. v. Savage*, 258 Ga. 335, 337 (368 SE2d 504) (1988). For these reasons, we hold that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 25, 1989.

*Woodson & Hanofee, H. Clifton Woodson*, for appellant.
*Hogan, Casey, Chalker & Cooper, William T. Casey, Jr., William D. Cooper*, for appellee.